CURTISS EGBERT *vs.* HENRY F. PETERS and another.

June 25, 1886.

Usury.—*Held*, by the majority of this court, that the trial court should, upon the evidence, have submitted the question of usury to the jury.

Appeal by defendants from an order of the district court for Stevens county, *Brown*, J., presiding, refusing a new trial.

*Brown & Chew*, for appellants.

*Lewis C. Spooner* and *Brooks & Hendrix*, for respondent.

MITCHELL, J. This action was brought upon a promissory note for $200, with interest at 10 per cent. per annum. The defence was usury. The answer alleges that, at the time of the making of the note, it was corruptly, and contrary to the statute, agreed by and be-

tween the parties in this action that, for the loan and forbearance of $190, said defendants should pay, and plaintiff should receive, a greater rate of interest than $10 for $100 for one year, to wit, the sum of 10 per cent. per annum, *and the additional sum of ten dollars as a bonus, so called;* and that this promissory note was executed in pursuance of this corrupt and usurious agreement. The only evidence introduced on the trial in support of this defence was that of the defendant Peters, who testified as follows: "I owed the plaintiff $100, which was due; and he told me if I wanted any more money he would let me have it; that is, if Croonquist would sign my note. I owed him $100 on the date of the note in suit, and he told me, if I wanted any more money, he would let me have it. He agreed to let me have $100 more. He told me to make out a note, and he would hand me the other hundred. I gave him this note, and he handed me $90. I asked him what that was for, and he said he would make it all right when that was settled up. He said he would hand it back when I paid the note; so I took the money, and gave him the note, and went off. When I gave him the note I owed him $190. There was no interest due on the $190 at the time I gave the note in suit, for I paid the interest on the $100 that I had previously had, and borrowed the other $100. I owed him $100. He gave me $90 more, and I gave him the note for $200." The defendant then rested. Thereupon the court instructed the jury to find a verdict for the plaintiff for the amount of the note.

The only point in the case is whether, on the evidence, the court ought to have submitted the question of usury to the jury. Usury is an unlawful contract, upon the loan of money, to receive the same again with exorbitant increase. 4 Bl. Comm. 156. It is an illegal contract for a loan or forbearance of money, goods, or things in action, by which illegal interest is reserved, or agreed to be reserved or taken. Of course, there can be no usury without a contract. To constitute usury it must be shown that additional interest was paid or reserved in pursuance of a mutual agreement. 3 Pars. Cont. 107, 108; *Westerfield* v. *Bried,* 26 N. J. Eq. 357; *Guggenheimer* v. *Geiszler,* 81 N. Y. 293; *Morton* v. *Thurber,* 85 N. Y. 550; *McFarland* v. *State Bank,* 4 Ark. 44, (37 Am. Dec. 761.) My own opinion is that there

was not in this case any evidence of any contract or understanding, express or implied, between the parties that this $10 was or should be retained *as extra interest,* and that, if the jury had so found, the verdict would have been based on mere suspicion or conjecture. But the majority of the court are of opinion that the retention of the $10 by plaintiff, without any reason or explanation other than that suggested in the evidence, would have justified the jury in finding that this $10 was retained as usurious interest, and that, therefore, the court erred in not submitting that question to the jury.

Order reversed.

Berry, J. As to the precise point that there is no evidence that the $10 was retained as usurious interest, I' agree with my brother Mitchell. But I see no reason why the evidence that it was to be retained until the note was paid, does not go to show that the note was usurious, because it in effect required the defendant to pay 10 per cent. interest on $200 for the use of $190 only.