ALICE M. MORSE and Another v. FRANCES A. WELLCOME.[1]

May 10, 1897.

Nos. 10,406—(43).

**Usury—Extension of Note.**

> *Held,* following Avery v. Creigh, 35 Minn. 456, that a promissory note not originally usurious cannot be made so by an agreement for an extension, subsequently entered into, in consideration of a payment of, or a promise to pay, usurious interest.

Appeal by plaintiffs from an order of the district court for Blue Earth county, Severance, J., sustaining a demurrer to their complaint. Affirmed.

The complaint alleged that plaintiffs executed to defendant a promissory note for $529, dated May 11, 1894, and due September 11, 1894, with interest at the rate of seven per cent. per annum, secured by mortgage upon certain real estate. That at the maturity of the note plaintiffs entered into a written agreement with defendant by which the mortgage was extended one year upon payment by plaintiffs of interest on said note to October 11, 1894, "also three per cent. on the face value of said note from said May 11, 1894, till September 11,

1 Reported in 70 N. W. 978.

1895," and payment of six dollars attorney's fees to a person named. That said mortgage and said agreement were duly recorded in the office of the register of deeds of said county. That the "said mortgage" and "the said agreement so made" "were and are usurious, fraudulent and void, and the rate of interest and the amount thereof secured and taken by the said defendant, for the forbearance of the loan" of $529 from September 11, 1894, until September 11, 1895, "was and is of a greater sum or value than ten per centum per annum thereof and therefor."

The complaint further alleged a foreclosure sale of the mortgaged premises to the defendant on December 4, 1895, and the execution by the sheriff of the county to her of a certificate of such sale, which was duly recorded. That the amount claimed by defendant to be due upon the mortgage at the time of sale was $567.06 and that the land was sold for $613.74, while the amount actually due was $529. That the amount taken and received by the defendant by virtue of such mortgage, agreement and sale was more than "ten dollars on each one hundred dollars of the amount of said mortgage and contract for one year." That such sale and the proceedings thereof and thereunder were usurious, fraudulent and void. The prayer of the complaint was that the mortgage, contract, sale and certificate be declared usurious and void, and the record thereof cancelled and that the mortgaged premises be declared free from any cloud or incumbrance by reason thereof.

W. L. Comstock and G. R. Geddes, for appellants.

An agreement on the one hand for receiving, and on the other for paying, interest above the legal rate for granting further time, and money paid above the legal rate for the forbearance of an existing debt, is usurious, as well as money paid at the time of the loan or the creation of the debt. Hathaway v. Hogan, 59 Vt. 75; Bellows v. Sowles, 55 Vt. 391; Hawkins v. National, 57 Vt. 591. Where a loan is made at the legal rate of interest, and a note is executed as evidence of the indebtedness thereby created and at the maturity of the note a contract is made by which the time of payment is extended and a new note given, in which is included interest on the amount of the loan at a usurious rate for the time of extension, the renewal note is tainted with usury. McDonald v. Beer, 42 Neb. 437; Webb v. Bishop,

101 N. C. 99; Ferrier v. Scott, 17 Iowa, 578; Ely v. McClung, 4 Port. 28.

*Lorin Cray,* for respondent.

The mortgage being valid at its inception is not made usurious by an extension thereof upon payment of usurious interest. Avery v. Creigh, 35 Minn. 456. It is not usurious to contract to pay an excessive rate of interest for the past use of money. Daniels v. Wilson, 21 Minn. 530.

COLLINS, J.[2]   It was not alleged in the complaint herein that the original note or mortgage were in any degree tainted with usury; and, if not usurious, the original transaction could not be made so by the subsequent agreement to extend the time of payment, although such agreement was in consideration of a payment of, or a promise to pay, usurious interest. Avery v. Creigh, 35 Minn. 456, 29 N. W. 154. In so far as the agreement for an extension was a contract to pay a compensation for the past use of money, it was not a contract to pay interest in any legal or proper sense, or within the meaning of the statute regulating the rate of interest. Daniels v. Wilson, 21 Minn. 530. Whether the contract, in so far as it provided for compensation for the future use of the amount of the note, was or was not usurious, we are not required to decide, for, admitting that it was, facts sufficient to constitute a cause of action were not stated in the complaint.

Order affirmed.

[2] Buck, J., took no part.