(104 N. W. 1026.)

---

LEONARD WEICKER v. JOSEPH A. STAVELY.

Opinion filed May 22, 1905.

**What Constitutes Usury.**

    1. Where the parties agreed upon a lawful rate of interest for the forbearance of a money demand, but the debtor was induced, either by the fraud of the creditor or by mutual mistake of the parties, to unintentionally pay in satisfaction of the debt a sum greater than the debt and accrued interest, computed at the maximum lawful rate, the transaction was not usurious, because there was no agreement to pay the excessive charge.

**Appeal — Review.**

    2. The defendant demurred to the complaint for misjoinder of causes of action, claiming that the plaintiff had improperly joined with a claim for money had and received a claim for the statutory penalty for the exaction of usury. The allegations of the complaint affirmatively showed that there was no usurious transaction, but both parties agreed in the argument before this court that the allegations of one of the causes of action were intended, and should be construed, to sufficiently allege the taking of usury. *Held,* that this court will not pass upon a question not presented by the record.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Leonard Weicker against Joseph A. Stavely. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Ball, Watson & Maclay,* for appellant.

The causes of action are different, one being to recover a statutory penalty, the other to recover an over payment made by mistake. The transactions out of which they arose are different, one being an ordinary loan of money, the other the purchase of grain and other commodities. Wiles v. Suydam, 64 N. Y. 173; First National Bank v. Miltonberger, 51 N. W. 232; Braithwaite v. Akin, 3 N. D. 365, 56 N. W. 133; People v. Dennison, 84 N. Y. 272.

The causes of action were improperly joined. Actions to recover penalties for usury, in two separate transactions, cannot be properly joined. Brown v. Rice, 51 Cal. 489; Railway v. Commonwealth, 43 S. W. 458; White v. Comstock, 6 Vt. 406.

*S. G. Roberts* and *Taylor Crum,* for respondent.

The evident purpose of the statute, and the courts so hold, is to adopt a rule of action under the code system, the rule formerly prevailing in equity proceedings, and include in one complaint as many causes of action as may arise out of the same transaction or transactions, connected with the same subject of action, including legal or equitable, ex contractu and ex delicto. Bliss on Code Pleading, section 125; Maxwell on Code Pleading, p. 344, n; Pearkes v. Freer, 9 Cal. 642; Jones v. Steamship Cortes, 17 Cal. 485; Bailey v. Dale et al., 11 Pac. 804; Bush v. Froelick, 66 N. W. 939; Ry. Co. v. Cook, 37 O. St. 265; Hamlin v. Tucker, 72 N. C. 502.

Actions to recover penalties given by statute and express contract are causes of action arising on contract and may be joined. 3 Enc. Pl. & Pr. 191, and note.

Actions sounding in tort may be joined with those sounding in contract, when they arise from the same transaction or transactions connected with the same subject of action. Badge v. Benedict, 4 Abb. Pr. 176; Par. 3 Vol. 1 Enc. Pl. & Pr. 191; Harris v. Avery, 5 Kan. 146; Paddock v. Somes, 10 L. R. A. 254; Craft Refrigerating Co., v. Q. Brewing Co., 25 L. R. A. 856.

ENGERUD, J. Defendant has appealed from an order of the district court overruling a demurrer to the complaint for misjoinder of causes of action. The complaint purports to state three causes of action. In the first cause it is alleged: That on March 7, 1903, the plaintiff was indebted to the defendant in the sum of $600, which he agreed to pay November 1, 1903, with interest at 10 per cent per annum. In evidence of said debt the plaintiff executed to the defendant a note dated March 7, 1903, and due October 1,

1903, for $641, and bearing interest from its date at 10 per cent per annum. The plaintiff paid the note in full according to its terms November 7, 1903, including the sum of $41.73, "being interest on said $641 from the 7th day of March, 1903, to the 7th day of November, 1903, at the rate of ten per cent per annum, which interest is excessive and usurious, and contrary to the laws of the state of North Dakota." It is further alleged "that at the time of the making of said note as aforesaid, and the payment of the same and the interest thereon, the plaintiff, being a German by birth, could not read or write the English language, and understood it only imperfectly, and, relying on the good faith and the representation then made by the defendant, signed and delivered said note, not understanding that it contained a provision for the payment of additional interest." For a second cause of action it is alleged that on April 13, 1903, the plaintiff bought from the defendant seed grain at the agreed price and value of $640.75, in evidence of which debt he was to give his promissory note due October 1, 1903, for said sum and the interest thereon to the maturity of the note at the rate of 10 per cent per annum, and the payment of the note to be secured by a seed lien and chattel mortgage; that the plaintiff signed a note and chattel mortgage and a statement annexed to the seed lien, which, as he supposed and understood, were for the correct amount, and in accordance with the terms of his bargain; that the note and chattel mortgage, so signed by him, were made out by the defendant for the sum of $1,250, and interest thereon at 10 per cent per annum from its date; that plaintiff, by reason of his ignorance of the English language, and his reliance on defendant's representations, executed said instruments, and subsequently paid the defendant the full amount of the note, including $70.25 interest thereon, according to its terms. In the third cause of action it is alleged that on November 7, 1903, the defendant presented to the plaintiff a statement of account, which is copied into the complaint, and which purported to state the amount of plaintiff's total indebtedness to defendant, and plaintiff then and there paid to defendant the amount shown by said statement, to wit, $2,588.70. This statement included, besides three other notes, the notes and interest referred to in the preceding causes of action, and also a book account for $384.10. It is alleged that, besides the overcharge of $609.25 in the note mentioned in the second cause of action, the book account charged in the statement was excessive in

the sum of $219.10; and it is further alleged that the items of $42.73 and $70.25 for interest on the two notes referred to in the first and second causes of action are usurious. This cause of action concludes with a repetition of the averments found in the preceding causes—that plaintiff, by reason of his ignorance of English and his reliance on defendant's representations, was unable to, and did not, discover until after payment that the notes were made out for excessive amounts, or that the amount charged in the statement was more than the true indebtedness. Judgment is demanded for twice the amount of the alleged usurious interest paid on the notes described in the first and second causes of action, and for the further sum of $825.33 alleged to have been paid in excess of the true indebtedness.

In the briefs and arguments of counsel for both parties the only question discussed was as to whether or not, under the circumstances of this case, the plaintiff can join in one action his claims for usury and for the overpayment. It was assumed by both counsel, and in fact expressly conceded in argument, that the first and second causes of action stated facts sufficient to entitle the plaintiff to recover the penalty for usury, and that any technical insufficiency in that respect should be disregarded. If the allegations of the complaint were such that they could be said to state, however defectively, a cause of action for usury, we would accept and adopt for the purposes of this appeal the construction which counsel have agreed upon. We have not, however, such a case. The complaint not only fails to state facts sufficient to show any liability for taking usury, but affirmatively shows that there was no usurious transaction upon which a claim for the statutory penalty for usury could be predicated. A transaction involving the loan of money or forbearance of a money demand is not necessarily usurious because the creditor has secured to himself a profit exceeding the amount of lawful interest. To constitute usury in such a transaction, there must be an agreement between the parties that the one shall receive and the other pay the sum which constitutes the excessive charge for the loan or forbearance, and that the creditor at least intends to exact the usury. Tyler on Usury, c. 17, and cases cited. In this case the complaint explicitly alleges, in effect, that there was no such agreement. If the allegations of the complaint are true, the parties agreed upon a lawful rate; but the plaintiff was induced to unintentionally pay sums much greater

than the actual debt, with the agreed interest. The allegations show either a mutual mistake of parties or a fraud by the creditor, but do not show any intent to exact usury. To assume counsel's construction of the pleading, and overlook the facts it alleges, would necessitate the assumption that several explicit and important allegations of the complaint are false. The court would be placed in the absurd position of disregarding the record before it, and deciding a hypothetical case in advance of real contest. It is clear that the action must be held to be one simply for the recovery of money had and received. Whether the complaint states one cause of action or three, we are not called upon to determine. It is clearly not vulnerable to demurrer on the grounds urged by appellant.

As to whether it would have been a misjoinder to unite a claim for usury with a claim for money paid by mistake or fraud, we express no opinion.

The order is affirmed. All concur.