## HOLDEN LAND AND LIVE STOCK COMPANY *v.* INTER–STATE TRADING COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 354. Argued February 26, 27, 1914.—Decided May 4, 1914.

Where the judgment of the state court rests upon an independent or non-Federal ground which is adequate to sustain it, this court has not jurisdiction to review it.

Where, as in this case, the decision of the state court involves simply the exercise of the equitable jurisdiction in accordance with the jurisprudence of the State, the ruling which prescribes the conditions of relief is not reviewable by this court.

In this case *held* that the decision that a party seeking to redeem lands might do so on equitable grounds only and on the equitable condition that he pay the debt with legal interest, rested on a non-Federal ground sufficient to sustain it and was not reviewable here.

Writ of error to review 87 Kansas, 221, dismissed.

THE facts, which involve the jurisdiction of this court to review the judgment of a state court under § 237, Judicial Code, are stated in the opinion.

*Mr. Edward P. Garnett,* with whom *Mr. Oliver H. Dean* and *Mr. Charles Blood Smith* were on the brief, for plaintiffs in error:

This court has jurisdiction, as the construction of the National Banking Act is involved.

No case can be found where this court has refused to entertain jurisdiction when the state court undertook to interpret the provisions of the National Banking Act. This court has uniformly taken jurisdiction in those cases. *Haseltine* v. *Central Bank*, 183 U. S. 134; *Schuyler National Bank* v. *Gadsden*, 191 U. S. 451; *Brown* v. *Marion National Bank*, 169 U. S. 416; *National Bank* v. *Ragland*, 181 U. S. 45; *Barnett* v. *National Bank*, 98 U. S. 555; *National Bank* v. *Dearing*, 91 U. S. 29; *Lake Benton Bank* v. *Watt*, 184 U. S. 151, 155; *Citizens Bank* v. *Donnell*, 195 U. S. 369. *Eustis* v. *Bolles*, 150 U. S. 361, distinguished, and see *Kansas Railway Co.* v. *Albers Comm. Co.*, 223 U. S. 594.

The decision is not only contrary to the plain provisions of the National Banking Act, but to every decision of this court construing it. *Brown* v. *Marion National Bank*, 169 U. S. 416; *Lake Benton Bank* v. *Watt*, 184 U. S. 155.

The forfeiture provided in § 5198 is entirely a creature of the Federal statute. It is not dependent upon any principles of general law, nor upon any state statute. It is above and beyond them all.

A state court cannot ignore the plain provisions of a Federal statute and proceed to decide a case upon what it might consider general principles of law repugnant to such provisions. *Railroad Co.* v. *Chicago*, 201 U. S. 506; *Gaar, Scott & Co.* v. *Shannon*, 223 U. S. 468, 471; *Railway Co.* v. *McWhirter*, 229 U. S. 265.

*Mr. Leonard S. Ferry*, with whom *Mr. Thomas F. Doran, Mr. John S. Dean* and *Mr. Elijah Robinson* were on the brief, for defendants in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This suit was brought by the Holden Land and Live Stock Company and Howard M. Holden in the District

Court of Shawnee County, Kansas, to have certain con-
veyances which were absolute on their face, and the
accompanying contracts, decreed to be mortgages, and
for an accounting in order to ascertain the amount of the
indebtedness thereby secured.  It was also alleged that
usury had been exacted by the creditor (the National
Bank of Commerce of Kansas City, Missouri), and upon
this ground it was prayed that in taking the account the
debtor should be charged only with the principal and that
the entire interest should be adjudged to be forfeited
under §§ 5197 and 5198 of the Revised Statutes.

The principal facts and the nature of the litigation are
succinctly stated by the Supreme Court of Kansas, as
follows (87 Kansas, 221, 222, 223):

"On June 6, 1901, the Holden Land and Live Stock
Company executed to the Mutual Benefit Life Insurance
Company a mortgage for $90,000, due in five years, upon
a tract of land in Shawnee county, containing about
5,603 acres, of which it was the record owner.  On July 1,
1901, the Holden company executed a note to Howard M.
Holden for $82,000, secured by a second mortgage on the
same tract.  This note and second mortgage, with other
security, Holden at once transferred to the National
Bank of Commerce of Kansas City, Missouri, to secure
his note to that bank for $80,000 bearing the same date,
due in one year and drawing eight per cent. interest,
which was subsequently renewed.  Holden had personally
purchased a tract of land in Missouri, borrowing a part
of the amount necessary for the purpose from the bank.
To secure the bank the deed was made to one W. H. Win-
ants.  Afterwards it was agreed that he should hold the
title as further security for Holden's note to the bank.
In May, 1904, Holden caused to be executed to the Inter-
State Trading Company, deeds covering the tracts in
Kansas and Missouri, less parts of the former that had
been sold, most of the proceeds having been applied to

cutting down the incumbrances. On February 13, 1908, Holden and the Holden company brought an action against the bank and the Inter-State Trading Company, alleging in substance that the deeds had been given by way of security for the indebtedness owing to the bank, and asking, if this should be found to have been paid in full, a decree quieting title; otherwise, a decree declaring title to be held under the deeds as security for whatever balance should be found due. The defendants maintained that the deeds were intended as absolute conveyances, and operated as such. The court found, in accordance with the report of the referee before whom the case was tried, that the defendants were precluded, by their course of dealing with the plaintiffs, from claiming the absolute title to the land; that the plaintiffs should be allowed to redeem it by paying the defendants what they had in it, amounting at the time the action was begun to $81,091.93, this including the first mortgage, which the bank had purchased; judgment was rendered that if the plaintiffs should pay this amount (which had been reduced to $65,233.67 by sales of land made during the litigation) within six months, their title should be quieted; that if they failed to make the payment within that time they should be barred of all interest in the land. The defendants appeal on the ground that the court should have denied the plaintiffs any relief whatever. The plaintiffs appeal upon two principal grounds: (1) that in the accounting they should not have been charged with interest on the note given to the bank, because by the exaction of usury all interest thereon had been forfeited; and (2) that the first mortgage should not have been enforced against them otherwise than by a foreclosure and sheriff's sale."

The Supreme Court of the State decided in favor of the plaintiffs in error upon the second question. Approving the findings made in the trial court, it was concluded that

the relations between the parties were in effect those of
mortgagor and mortgagee and that the appropriate remedy
was a foreclosure and sale. Accordingly, the judgment
was modified so as to provide that the lien upon the Kansas
land should be enforced in this manner.

The court affirmed the judgment in other respects;
and because, in fixing the amount to be paid in order to
redeem the lands in question, the court did not require
the forfeiture of all interest, this writ of error is prosecuted.

The question at once arises whether, in view of the
character of the suit and the basis of the ruling, the judg-
ment is subject to review in this court. The action, it
will be observed, was not one brought by the bank to
enforce the payment of the indebtedness, thus involving
the application of the statutory measure of the bank's
legal right. Nor was the debtor availing himself of the
exclusive remedy afforded by the statute in cases where
usurious interest has actually been paid to a national
bank (*Barnet* v. *National Bank*, 98 U. S. 555; *Stephens* v.
*Monongahela Bank*, 111 U. S. 197). While the plaintiffs
insisted that interest should be forfeited, still they were
suitors in equity seeking to be permitted to redeem the
lands which had been conveyed; and the decision was
placed distinctly upon the ground that the relief sought
should be granted only upon the equitable condition that
the plaintiff should be charged with the principal of the
debt and legal interest. Upon this point the Supreme
Court of Kansas said (87 Kansas, 221, 233, 234):

"Usury was charged and collected upon the Holden
note. By the national banking act the exaction of usury
destroys the interest bearing quality of a debt. The
referee decided that the plaintiffs were estopped from
claiming the benefit of that provision. Nothing was said
about usury until the present action was begun. Whether
or not an actual estoppel has arisen, it was proper under
the circumstances, in view of the equitable relief sought,

that the plaintiffs should be charged with the principal and legal interest.

"'When the borrower appears in any capacity in a court of equity asking affirmative relief against a usurious contract to pay money such relief will, in the absence of statute providing otherwise, be granted him only upon condition of his doing equity, that is, tendering the money actually due. . . . The rule . . . applies when the relief sought is the reformation or cancellation of a deed, or mortgage, or other instrument, evidencing or securing a. usurious debt, or an injunction against threatened damaging action by the creditor; or in fact, whatever be the character of the relief sought. . . . In case the usurious interest has been reserved, or paid in advance, the amount equitably due is the principal debt less the usurious excess of interest paid. In the absence of statute providing otherwise if the contract for the usurious interest is still executory the sum equitably due is the principal debt with legal interest thereon.' (39 Cyc. 1010–1012.)"

The judgment thus rests upon an independent or non-Federal ground which was adequate to sustain it. The court applied a familiar equitable principle in defining the basis upon which extraordinary aid would be given. "A court of equity is not positively bound to interfere in such cases by an active exertion of its powers; but it has a discretion on the subject, and may prescribe the terms of its interference." Story, Eq. Jur., § 301; *Fanning* v. *Dunham*, 5 Johns. Ch. 122, 142, 143; *Tiffany* v. *Boatman's Institution*, 18 Wall. 375, 385. It is manifest that the plaintiffs were not proceeding by virtue of any Federal right in seeking to have the conveyances which had been executed in the form of absolute transfers of title declared to be mortgages; and it was competent for the court, whose intervention was desired for this purpose, to demand that its conscience be satisfied by the doing of equity on the part of those who asked it.

The decision involves simply the exercise of the equitable jurisdiction in accordance with the jurisprudence of the State, and the ruling which prescribed the conditions of relief is not reviewable here.

The writ of error must be dismissed.

*Dismissed.*

MR. JUSTICE DAY, dissenting.

I am unable to agree that this court does not have jurisdiction of this writ of error. In my judgment, if the principle here invoked is applied to a case like the one under consideration, it will result that the state court may determine, without power of review in this court, the ultimate effect and scope of rights secured by a Federal statute.

It appears from the opinion of the Supreme Court of Kansas, quoted in the opinion in this case, that a national bank, organized under and subject to the limitations of the Federal statutes in that respect, received usury upon a debt which was secured by a conveyance of title which was upon its face a deed. The plaintiff in error stated in its petition the facts which showed the usurious arrangement with the bank and the charging upon the debt of interest in violation of the statute and thus distinctly relied upon a Federal statute controlling the right of national banks to take usurious interest. It asked to have the conveyance decreed a mortgage in fact and security for the debt, and that only the amount legally collectible thereon should be held to be due. These allegations brought the case within the provisions of §§ 5197 and 5198 of the Revised Statutes of the United States, fixing certain consequences for taking usurious interest by national banks. The state court found that the deed had at all times been intended by the parties to be and was security for the debt, but decreed that it should extend to the balance of the debt, with legal interest.

By means of this petition a right of Federal origin was specially set up, which, if denied, gave the right to come to this court under a Federal statute which has been in substantially the same form, so far as this writ of error is concerned, since the passage of the Judiciary Act in 1789. This is not controverted in the opinion in this case, but the position is taken that the decision rests upon an independent ground not involving a denial of Federal right, and therefore is not reviewable here.

I am not unmindful of the rule frequently recognized in the decisions of this court that if the judgment of the state court rests upon an independent, separate ground of local or general law broad enough or sufficient in itself to base the decision upon and to control the rights of the parties, this court has no jurisdiction to review the action of the state court. So far as I understand the decisions where such independent ground has been sustained, resulting in a lack of jurisdiction in this court to review a decision of a state court, the judgment has proceeded upon the principle that, irrespective of the Federal right asserted, an independent ground of judgment, not involving the Federal question, has controlled the decision. For example, in a number of cases in this court it has been held that, conceding the Federal right asserted to have been one which might have been maintained, nevertheless, if upon the general doctrine of laches that right no longer exists; the refusal to enforce it because of laches, rests the decision upon a principle of general law, applicable to all rights, Federal or otherwise, and is not of itself a denial of a Federal right. So this court has more than once held that a decision placing the rights of the parties upon the doctrine of *res judicata*, where the decision did, not necessarily involve the denial of a right of a Federal character, places the decision upon a non-Federal ground and is not reviewable here. These are examples of independent grounds of general law, which the state court has the right

to apply to all asserted rights, and their maintenance does not amount to a denial of special claims of Federal right.

"But," said this court in *C., B. & Q. Railway* v. *Drainage Comm'rs*, 200 U. S. 561, 580: "it is equally well settled that the failure of the state court to pass on the Federal right or immunity specially set up, of record, is not conclusive, but this court will decide the Federal question if the necessary effect of the judgment is to deny a Federal right or immunity specially set up or claimed, and which, if recognized and enforced, would require a judgment different from one resting upon some ground of local or general law." Without citing all the cases, the rule substantially as just stated has been frequently recognized. *Murdock* v. *Memphis*, 20 Wall. 590, 636; *Anderson* v. *Carkins*, 135 U. S. 483; *Wabash R. R. Co.* v. *Pearce*, 192 U. S. 179; *Terre Haute &c. Railroad Co.* v. *Indiana*, 194 U. S. 579; *Schlemmer* v. *Buffalo, R. & P. R. Co.*, 205 U. S. 1.

Applying these principles here, it seems to me that where a party specially asserts, as it did in this case, the application of the Federal statute, which in unequivocal terms provides (Rev. Stat., § 5198) that the "taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done [which the record discloses was so taken in this case], shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon," and the Supreme Court of the State, holding that notwithstanding the Federal statute it has the discretion to condition its relief, allowing redemption only upon the payment of principal and legal interest, it has in effect denied the right asserted under the Federal statute and the correctness of the decision is reviewable here. This statute has no conditions attached to it and is upon its face applicable

wherever a situation arises which comes within its terms. In effect the state court said this is true, usury has been charged upon this contract, and, because of the statute, the security is not enforceable beyond the face of the debt, but as the giver of the security has been obliged to apply to the equity powers of a state court for the carrying out of the contract, a condition may be attached to the relief to which the party is otherwise entitled, and the state court charged the plaintiff in error with the debt, with legal interest, notwithstanding the Federal statute which declares the interest forfeited upon such facts as are here presented. When the court so decided, in my judgment, it necessarily denied a Federal right, and, whether right or wrong, the denial of that right laid the basis for ultimate decision by this court as to the nature and extent of the rights secured by the Federal statute.

In my opinion this court should review the judgment and determine for itself whether the rule invoked in the state court has this effect upon a Federal statute, which unconditionally forfeits the entire interest where usurious interest has been knowingly reserved or taken.

I therefore dissent from the opinion of the court holding that there is no jurisdiction of the case.

MR. JUSTICE McKENNA and MR. JUSTICE VAN DEVANTER concur in this dissent.