## JAMES M. PATTERSON v. JOHN WYMAN AND OTHERS.

### SAME v. SAME.[1]

February 21, 1919.

Nos. 20,973, 21,036.

**Mortgage note — law which governs note made in another state.**

1. Where a note is made and is payable in North Dakota its validity is governed by the laws of that state notwithstanding the fact that it is secured by mortgage on Minnesota land.

**Usury — evidence.**

2. A finding that the loan transaction in controversy in this case was usurious is sustained by the evidence.

**Same — intent necessary.**

3. Intent to exact excessive interest is essential to usury, but, where the parties intentionally provide for greater interest than the law allows, the law presumes that they intended the necessary consequences of their act.

**Same — penalty of foreign state not enforced in Minnesota.**

4. One state will not enforce the penalties of the usury laws of another state. A provision of the North Dakota statute for recovery of double interest paid on a usurious contract is a penalty and will not be enforced in Minnesota.

**Same — equitable relief conditional.**

5. A party who seeks affirmative equitable relief against a usurious contract will be aided only on condition of his doing equity. Where

[1]Reported in 170 N. W. 928.

the asks for cancelation of instruments, he will first be required to pay what he owes with legal interest, and his so doing will be made a condition to the granting of the equitable relief he asks.

Action in the district court for Norman county to recover $8,600 and for the foreclosure of two mortgages upon certain real estate. The defense set up in the answer is stated at the end of the first paragraph of the opinion. The case was tried before Grindeland, J., who made findings and adjudged that the mortgage debt be declared paid and the mortgages canceled of record, but denied the return to defendants of usurious interest. Motions for amended findings were denied. From the judgment entered pursuant to the order for judgment, both parties appealed. Modified.

*Christian G. Dosland,* for appellants.

*Lawrence & Murphy,* for respondent.

HALLAM, J.

On July 9, 1909, defendant John Wyman Farm Land & Loan Company gave to plaintiff two promissory notes. Both notes were dated at Fargo, North Dakota, and were executed and delivered there. Both were indorsed by defendant John Wyman. One was for $8,000 and was payable six months after date at the office of the Loan Company which was located at Fargo. The other was for $600 and was payable three months after date. Both on their face bore 8 per cent interest. Thereafter defendant John Wyman and defendant Annie Wyman, his wife, executed two instruments, in form deeds, but in fact mortgages, to secure payment of said notes. There has been paid on said notes $8,903. This action was commenced to foreclose said mortgages. The defense was that the transaction was usurious in that the $600 note was purely a bonus.

The statutes of North Dakota provide that the exaction of any greater rate of interest than 12 per cent is usury, Revised Code of North Dakota 1905, § 5511, and that the exaction of such excessive rate shall be deemed a forfeiture of the entire interest, and, in case any greater rate has been paid, the person paying it may recover back twice the amount of interest paid. Section 5513. Defendants asked for a return of double the amount of interest paid, and they also asked that the mortgage debt

be declared paid in full and the mortgages canceled of record.

The court found that the note for $600 was given as a bonus for the loan of $8,000, that the transaction was usurious, and adjudged that the mortgage debt be declared paid and the mortgages canceled of record, but denied to defendants the return of usurious interest paid. Both parties appealed.

1. The contract was made in North Dakota. It was to be performed there. Its validity was therefore governed by the laws of North Dakota, notwithstanding the fact that it was secured by mortgage on Minnesota lands. Ames v. Benjamin, 74 Minn. 335, 77 N. W. 230; Manhattan Life Ins. Co. v. Johnson, 188 N. Y. 108, 80 N. E. 658, 9 L.R.A. (N.S.) 1142, 11 Ann. Cas. 223; McIlwaine v. Ellington (C. C. A.) 111 Fed. 578, 49 C. C. A. 446, 55 L.R.A. 933; 39 Cyc. 905.

The usury laws of Minnesota cannot be invoked to determine the validity or invalidity of the contract, nor will the penalties of our statute be applied. 39 Cyc. 1087; Gale v. Eastman, 7 Metc. (Mass.) 14; Salter v. Embrey, 18 South. 373; American Freehold Land & Mort. Co. v. Jefferson, 69 Miss. 770, 787, 12 South. 464, 30 Am. St. 587. As far as this case is concerned it is as though Minnesota had no usury statutes of any character.

2. The finding that the $600 note was a bonus and the transaction usurious is sustained by the evidence.

Plaintiff urges the principle that there can be no usury without a contract to charge excessive interest, Weicker v. Stavely, 14 N. D. 278, 103 N. W. 753; Egbert v. Peters, 35 Minn. 312, 29 N. W. 134, and he contends that the giving of the $600 note was not part of the contract for the loan. His testimony is to that effect. Defendants' evidence is to the contrary. The finding of the court in favor of defendants settles that point.

3. Intent to exact an excessive rate of interest is essential to usury. Ward v. Anderberg, 31 Minn. 304, 17 N. W. 630; Jackson v. Travis, 42 Minn. 438, 44 N. W. 316. This principle will save a contract which is, on its face, usurious, though not so in fact. The principle means simply that "the appearance is not conclusive  *  *  *  that it is the fact alone which constitutes usury." Ward v. Anderberg, 31 Minn. 304, 17 N. W. 630. But, where the parties intentionally provide for a

greater interest than the law allows, the law conclusively presumes that they intended the necessary consequences of their act. Holmen v. Rugland, 46 Minn. 400, 49 N. W. 189; Hagan v. Barnes, 92 Minn. 128, 133, 99 N. W. 415; Lukens v. Hazlett, 37 Minn. 441, 35 N. W. 265.

The court having found that the contract was usurious, it properly denied plaintiff any relief.

4. More difficult questions arise in connection with the relief asked by defendant.

Defendant asked the return of double the amount of all interest paid. The court denied this. In this the court was right.

The provision of the North Dakota statute that the person making payment of usurious interest may recover back twice the amount paid is in the nature of a penalty. Ward's Adm'r v. Cornett, 91 Va. 676, 22 S. E. 494, 49 L.R.A. 550; Lucas v. Spencer, 27 Ill. 14; Morris v. Taylor, 22 N. J. Eq. 438. It is a general principle of law that penalties imposed by statute have no extra-territorial force, and they will not be enforced outside of the jurisdiction imposing them. This principle is applicable to penalties imposed by usury laws. The courts of this state will recognize the usury laws of North Dakota insofar as they affect the validity of the North Dakota contract, Akers v. Demond, 103 Mass. 318; Houghton v. Page, 2 N. H. 42, 46, 9 Am. Dec. 30, but they will not enforce in this state the penal provisions of those laws. This provision of the North Dakota statute for recovery of double the interest paid will, accordingly, not be enforced in this state, and the trial court properly denied this relief. 39 Cyc. 892, 893, 1087; Wright v. Bartlett, 43 N. H. 548; McFadin v. Burns, 5 Gray (Mass.) 599; Blaine v. Curtis, 59 Vt. 120, 7 Atl. 708, 59 Am. Rep. 702; Western Trans. & C. Co. of Michigan v. Kilderhouse, 87 N. Y. 430; Sherman v. Gassett, 9 Ill. 521; Arnold v. Potter, 22 Iowa, 194.

5. In one particular we think the judgment of the trial court was erroneous. It decreed that the mortgage debt be declared paid in full and the mortgages canceled of record.

It is a well settled rule that a party who seeks affirmative equitable relief against a usurious contract will be aided only on condition of his doing equity. A usurious contract may not be enforced against him, but, if he asks for a cancelation of instruments, he will first be required

to pay what he owes with legal interest thereon, and his so doing will be made a condition to the granting of the equitable relief that he asks. American Freehold Land & Mortgage Co. v. Jefferson, 69 Miss. 770, 12 South. 464, 30 Am. St. 587; Vandervelde v. Wilson, 176 Mich. 185, 142 N. W. 553; Long v. Greene Co. Abstract & Loan Co. 252 Mo. 158, 158 S. W. 305; Owens v. Wright, 161 N. C. 127, 76 S. E. 735, Ann. Cas. 1914D, 1021; 39 Cyc. 989, 1010, 1012; Lindsay v. U. S. Sav. & Loan Co. 127 Ala. 366, 28 South. 717, 51 L.R.A. 393; Vanderveer v. Holcomb, 17 N. J. Eq. 87, 91; Holden Land & Live Stock Co. v. Interstate Trading Co. 233 U. S. 536, 541, 34 Sup. Ct. 661, 58 L. ed. 1083; Chase & Baker Co. v. National T. & C. Co. 215 Fed. 633. This has been the rule enforced in this state in the absence of statute. Scott v. Austin, 36 Minn. 460, 32 N. W. 89, 864. Even where the usury statutes of the state give the borrower the right to a cancelation of securities, such statutes are not recognized extra-territorially and will not be enforced by the courts of other states. Hubbard v. Tod, 171 U. S. 474, 502, 19 Sup. Ct. 14, 43 L. ed. 246; Mathews v. Warner, 6 Fed. 461, 465. The judgment should be modified so as to make the granting of this relief conditional on the payment of the original loan with lawful interest.

Judgment modified.