**McCANS v. BRANDTJEN & KLUGE, Inc.**

**No. 14614.**

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 25, 1944.

Rehearing Denied April 7, 1944.

---

Claude Spratling, of Fort Worth, for appellant.

Samuels, Brown, Herman & Scott, of Fort Worth, for appellee.

### BROWN, Justice.

Lindsey McCans purchased from appellee certain machinery for which he had executed his promissory notes and a chattel mortgage on the property to secure same and he was in arrears on his payments when he entered into a contract to purchase other machinery from appellee and the new contract discloses that the actual "cash price" of the new machinery was added to the old debt and a carrying charge of $519.80 was thus added to the contract of purchase, making a total of $2620.80 which McCans agreed to pay, and, desiring to make his payments over a period of 60 months, McCans executed his note payable in monthly instalments of $43.68 each. These payments, if and when made, would total $2620.80.

McCans gave a chattel mortgage on the old and new machinery to secure his payments. The mortgage obligated McCans to insure the property against loss by fire, with loss clause payable to appellee as its interest appeared, and the note provided for acceleration of the maturity on default of payment of any instalment.

The note and mortgage are dated March 9, 1939. The contract was consummated in Minnesota, where appellee is domiciled, and calls for all payments on same to be made to appellee at its home office.

The property was destroyed by fire, after the contract was entered into and before August 10, 1940. On the last named date, proof of loss having theretofore been made, the insurance company issued a check made payable to appellee in the sum of $2363.36, that being the balance appellee claimed was due it by McCans at the time, and the note was marked "paid" by appellee's attorney. McCans was in arrears when the fire occurred.

McCans had sold whatever rights and interest that he had to his wife, Mildred McCans, before the insurance money was collected, and Mrs. McCans testified that she permitted the payment to be made to appellee "under protest".

Shortly thereafter she brought suit against appellee to recover the penalty for usurious interest paid.

She seeks in her petition to recover the penalty that is provided for by the Minnesota Statutes covering usury—Articles 7036, 7037 and 7038 of the Laws of Minnesota, Mason's Minn.St.1927,—and in the alternative for the penalty provided for under the Texas Statutes. Vernon's Ann. Civ.St. art. 5069 et seq.

Trial was had to the court and a judgment rendered for the defendant; hence plaintiff's appeal.

We hold that the contract shows on its face that it is one made in Minnesota and performable in said state. Therefore, the laws of Minnesota must govern its interpretation and effect. Patterson v. Wyman et al., 142 Minn. 70, 170 N.W. 928.

The penalty for collecting usurious interest is found in Article 7037, Minnesota Statutes, and provides that the person pay-

ing same may "recover in an action against the person who shall have received the same * * * the full amount of interest or premium so paid, with costs, if action therefor be brought within two years after such payment or delivery: Provided, that one-half of the amount so recovered shall be paid by the officer collecting the same into the treasury of the county where collected, for the use of common schools."

If the judgment of the trial court may be sustained on any theory, it is our duty to affirm such judgment.

As we see this case, the plaintiff below and appellant here is met with an insuperable barrier over which she cannot effect a recovery.

The Supreme Court of Minnesota, in the case of Patterson v. Wyman, 142 Minn. 70, 170 N.W. 928, 929, had before it a usury suit bottomed on a contract made and performable in the State of North Dakota, and it held that the usury laws of Minnesota cannot be invoked to determine the validity or invalidity of the contract and that the penalty provided for by the Minnesota statute would not be applied, and cited 39 Cyc. 1087; Gale v. Eastman, 7 Metc., Mass., 14; Salter v. Embrey, Miss., 18 So. 373; American Freehold Land & Mortgage Co. v. Jefferson, 69 Miss. 770, 12 So. 464, 30 Am. St.Rep. 587; and the court said: "As far as this case is concerned it is as though Minnesota had no usury statutes of any character."

Following that case, which is predicated on sound reasoning, we say that, so far as the case before us is concerned, it is as though Texas had no usury statutes of any character. Texas laws applicable to usury cases cannot be considered in this suit and in the interpretation of the Minnesota contract that is before us.

The appellant, in the instant suit, cannot recover the penalty provided by the Texas statute for the obvious reason that her cause of action, if any she had, is to be found in a contract made and performable in Minnesota.

This brings us to the count in appellant's petition in which she prays for the Minnesota penalty for usury collected.

In the Wyman case, supra, the Supreme Court of Minnesota said: "It is a general principle of law that penalties imposed by statute have no extraterritorial force and they will not be enforced outside of the jurisdiction imposing them. This principle is applicable to penalties imposed by usury laws. The courts of this state will recognize the usury laws of North Dakota in so far as they affect the validity of the North Dakota contract, Akers v. Demond, 103 Mass. 318; Houghton v. Page, 2 N.H. 42, 46, 9 Am. Dec. 30, but they will not enforce in this state the penal provisions of those laws." The court cites 39 Cyc. 892, 893, and same volume, p. 1087; Wright v. Bartlett, 43 N.H. 548; McFadin v. Burns, 5 Gray, Mass., 599; Blaine v. Curtis, 59 Vt. 120, 7 A. 708, 59 Am.Rep. 702; Western Transp. & Coal Co. v. Kilderhouse, 87 N. Y. 430; Sherman v. Gassett, 9 Ill. 521, 4 Gilman 521; and Arnold v. Potter, 22 Iowa 194; and to these we add vol. 66 Corpus Juris, § 385, page 359, and cases cited.

The force of the argument is made doubly clear by the fact that the Minnesota statute gives the person who pays the usurious interest the right to recover the sum so paid but specifically provides "that one-half of the amount so recovered shall be paid by the officer collecting the same into the treasury of the county where collected, for the use of common schools."

It is interesting to observe that § 385 of vol. 66, Corpus Juris, under note 53, cites Crebbin v. Deloney, 70 Ark. 493, 69 S.W. 312; Barnes v. Whitaker, 22 Ill. 606, and McFadin v. Burns, 5 Gray, Mass., 599, in which cases similar provisions for the penalty being paid into the school fund are involved.

We have had occasion to review this question as presented by Professor Stumberg in his late work, Principles of Conflict of Laws, pp. 153–155, as well as Restatement of the Law of Conflict of Laws, published by American Law Institute, par. 611, p. 730.

What we have said is bottomed on the premise that the contract in question is usurious, but we wish to make it clear that we are not so holding.

Our position is, that appellant has brought suit in Texas on a contract made and performable in the State of Minnesota, in which she seeks to recover, on the theory that the contract is usurious and that usurious interest has been paid under the contract, the penalty for which she seeks to recover either under the Minnesota law or the Texas law, governing the penalty for collecting usury.

We hold that plaintiff's pleadings, under the facts alleged by her, disclose no right of recovery except that of the penalty for usurious interest paid and collected.

We have not discussed the several points found in appellant's brief, deeming it not necessary to do so in the face of the record.

All assignments of error are overruled; the judgment is affirmed.