## E. P. LINNE v. F. T. RONKAINEN.[1]

April 22, 1949.

No. 34,862.

*Thorwald Hansen,* for appellant.
*F. A. Noreen,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying defendant's motion for amended findings or a new trial.

Plaintiff brought this action to recover on a promissory note. made, executed, and delivered by defendant to plaintiff on August 1, 1943. The note was in the following form:

"$200.00                    Duluth, Minn. August 1, 1943

"For value received I promise to pay to the order of E. P. Linne, the herein stipulated amount at the place designated by holder hereof.

"If default is made in the payment of any of the stipulated installments provided to be paid according to the terms of this note then the holder hereof may declare the entire amount then remain-

---

[1]Reported in 37 N. W. (2d) 237.

ing unpaid as immediately due and payable and the undersigned agrees to pay the costs of collection and reasonable attorney's fees.

"TERMS OF PAYMENT

"$200.00 payable monthly in installments of $20.00 each. First installment due September 1, 1943.

"This note shall bear interest after maturity until paid at the maximum lawful contract rate.

"Void as to unpaid balance in event of death or total disability of the maker hereof.

"F. T. Ronkainen."

Defendant alleges in his answer that as an express consideration for the making of the loan evidenced by the above note plaintiff required him to sign an additional agreement whereby defendant was required to pay an additional sum of $40 to plaintiff; that said additional payment was interest on the $200 note; and that both instruments were made contemporaneously and prior to the making of the loan to defendant. The additional agreement referred to is as follows:

"THIS IS NOT A NOTE AND IS NOT ENFORCEABLE
"Duluth, Minn. August 1, 1943

"I agree to pay to E. P. Linne at the place designated by him, at my option both as to time and amount, the sum of $40.00 without interest.

"In no event shall or will any payment be paid, received or applied hereon until after my legal obligation to the herein named payee has been paid in full.

"F. T. Ronkainen."

For brevity, the instruments will be referred to hereinafter as the note and the additional agreement.

It is defendant's contention that this additional agreement was to provide for interest on the loan and that the document was drawn in this manner to evade the usury law and, indirectly, take interest at a rate greater than that permitted by law, and that the note is therefore usurious. Plaintiff denies that this additional

agreement is interest and alleges that the payment was and is optional with defendant.

M. S. A. 334.01 provides:

"The interest for any legal indebtedness shall be at the rate of $6.00 upon $100 for a year, unless a different rate is contracted for in writing; and no person shall directly or indirectly take or receive in money, goods, or things in action, or in any other way, any greater sum, or any greater value, for the loan or forbearance of money, goods, or things in action, than $8.00 on $100 for one year; and, in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, but any contract to pay interest, not usurious, upon interest overdue, shall not be construed to be usury. Contracts shall bear the same rate of interest after they become due as before, and any provision in any contract, note, or instrument providing for an increase of the rate of interest after maturity, or any increase therein after making and delivery, shall work a forfeiture of the entire interest; but this provision shall not apply to notes or contracts which bear no interest before maturity."

Section 334.03 provides in part as follows:

"All * * * notes * * * whereby there shall be reserved, secured, or taken any greater sum or value for the loan * * * than hereinbefore prescribed, shall be void * * *."

Defendant paid the installments due September 1, 1943, and October 1, 1943, but has made no payments since that time, either on the principal or interest. Plaintiff elected to declare the entire note due and payable and brought suit for the balance due on the note, plus interest at eight percent per annum and an attorney's fee of $50. Upon agreement of the parties, the case was tried by the trial court on the pleadings, and judgment was ordered for plaintiff.

The trial court found that on August 1, 1943, defendant made, executed, and delivered the note to plaintiff and that at the same time and as part of the transaction he made and delivered the additional agreement to plaintiff; that the additional agreement was not

binding on defendant and was not enforceable, and that accordingly no rate of interest greater than the legal rate under the laws of the state of Minnesota was exacted by plaintiff for the loan evidenced by the note. It concluded that the contract entered into between the parties was not usurious and that plaintiff was entitled to judgment against defendant for $210, with interest at the maximum lawful contract rate on the installments set forth in its conclusions. In addition, it awarded plaintiff his costs and disbursements.

In a well-prepared memorandum, the trial court said in part:

"If there has been a mutual assent here or meeting of the minds of the parties, then the agreement is that the instrument set forth in Paragraph 2 [additional agreement] is not enforceable. Where the parties specifically state that they have not entered into a binding contract, the law of course will not make a contract for them.

"What the parties really said, in simpler language, in the instrument under discussion, is this: That if defendant wanted to, he could pay to the plaintiff at his own option, both as to time and amount, the sum of $40, but he is not obliged to if he did not want to and could not be made to pay it. It seems to me therefore, that the only interest that was reserved at the time of the making of the loan was the interest provided by the note set forth in Paragraph 1 of these Findings, and that therefore the agreement was not usurious."

The principal question for our consideration is whether the loan made by plaintiff to defendant reserved a rate of interest greater than that allowed by the laws of the state of Minnesota. If the additional agreement is a legal and binding contract, then the note was usurious, and plaintiff cannot recover.

"We cannot have usury without the loan of money nor *without a contract*. To be usurious the contract must be so when made. Egbert v. Peters, 35 Minn. 312, 29 N. W. 134; Morse v. Wellcome, 68 Minn. 210, 70 N. W. 978, 64 Am. St. 471; Patterson v. Wyman, 142 Minn. 70, 170 N. W. 928." (Italics supplied.) Strickland v. First State Bank, 162 Minn. 235, 239, 202 N. W. 727, 729.

It is stated in 12 Am. Jur., Contracts, § 19, that "The entry of the parties into a contractual relationship must be manifested by some intelligible conduct, act, or sign." Again in *Id.* § 23, it states that "The law does not make a contract when the parties intend none, nor does it regard an arrangement as completed which the parties thereto regard as incomplete."

Under the title of "Necessity of Assent," 17 C. J. S., Contracts, § 30, provides:

"There can be no contract in the true sense, that is, as distinguished from quasi or constructive contracts, in the absence of the element of agreement, or of mutual assent of the parties. If this assent is wanting on the part of one who signs a contract, his act has no more efficacy than if it had been done under duress or by a person of unsound mind."

Although Blindman v. Industrial L. & T. Corp. 197 Minn. 93, 266 N. W. 455, 267 N. W. 143, 104 A. L. R. 1253, is not directly in point, we feel that the reasoning and the language used to express that reasoning are especially applicable to the case at bar. The court there said (197 Minn. 96-99, 266 N. W. 456-457):

"There can be no usury without a *contract* obligating the debtor to pay interest or return in excess of that provided by law, or else an actual payment or retention by the lender of such excessive interest. 66 C. J. § 110, p. 198, and cases cited in note 4.

"There must be either a *contract for the future payment* of excessive interest or return, *or a present taking or reservation* of such excessive interest or return. 66 C. J. § 110, p. 199, and cases cited in note 8.

\* \* \* \* \*

"Under the evidence here presented, there has been no contract obligation entered into by which the plaintiffs could in any event be required or called upon to pay any amount in excess of the money borrowed with legal interest thereon, and no excessive interest has been paid or exacted. \* \* \* *The defendant has not taken, exacted,*

*reserved, or received, and cannot collect, any excessive interest, and claims none.*

\* \* \* \* \*

"The usury statute is one imposing a penalty. There is no good reason why, at this late period of our industrial and legal development, it should not be applied with the same reasonable strictness as other laws imposing penalties. Mere nugatory offers or promises to pay excessive interest are not the things sought to be reached by the law. What is condemned is the actual taking or receiving of excessive interest, or the inclusion in the contract, otherwise valid, of a contract obligation to pay excessive interest. \* \* \*

"\* \* \* But, where no such excessive interest is taken or received, the mere executory promise, otherwise unenforceable and no part of the written contract, is of no effect." (Italics supplied.)

An examination of the so-called additional agreement discloses that it has none of the elements of a binding contract which could be so linked with the note as to make the note usurious. In the first place, the additional agreement starts off with the caption that *it is not a note and is not enforceable;* it admits no consideration; it merely provides that *at the maker's option, both as to time and amount,* he will pay to the payee $40 without interest at the place to be designated by the maker. It would be difficult to conceive of anything more indefinite and uncertain. Naturally, it is not enforceable legally.

While we hold in the instant case that the purported additional agreement is not a note or a contract so connected with the note involved as to render the transaction usurious, it still had the obnoxious odor of a scheme to let the maker pay an additional amount if he so desired; it was a reminder at least that the payee in the note would not be adverse to accepting a present or gift of $40 from the maker. We cannot disapprove too strongly of such "generous gestures" made simultaneously with the signing of a note. If a payee accepts such a so-called additional agreement in conjunction with a legal note, he may be walking in the ominous

shadow of the usury law, which could prove disastrous under many circumstances.

Affirmed.