Harold CRINCE, et al., Appellants,

v.

Darwin KULZER, et al., Respondents,

Richard Reese, et al., Respondents.

No. C1–92–1258.

Court of Appeals of Minnesota.

March 30, 1993.

John E. Valen, Hunter & Valen, P.A., Park Rapids, for appellants.

Dale C. Nathan, Nathan & Associates, Eagan, Robert M. Wallner, Jana M. Austad, Kief, Fuller, Baer, Wallner & Rodgers, Ltd., Bemidji, for respondents.

Considered and decided by LANSING, P.J., and SCHUMACHER and HARTEN, JJ.

## OPINION

SCHUMACHER, Judge.

Appellants Harold and Joann Crince and Kelly and Janette Lewis brought an action against respondents Darwin and Marcia Kulzer for specific performance of a real estate purchase agreement, and against Richard and Elizabeth Reese for damages incurred when the Reeses signed a purchase agreement with the Kulzers for the same property. The Kulzers moved for summary judgment and for costs and disbursements.

The trial court granted summary judgment in favor of the Kulzers and Reeses, but denied the Kulzers' request for costs and disbursements. The Crinces and Lewises appealed the summary judgment, and the Kulzers filed notice for this court to review the trial court's denial of costs and disbursements. We affirm in part, reverse in part and remand.

## FACTS

It is undisputed that in December 1990 and January 1991, the Kulzers negotiated with the Crinces and Lewises for the purchase of the Kulzers' resort in Cass County, Minnesota. On January 6 or 7, 1991, the Kulzers sent the Crinces and Lewises a purchase agreement signed by the Kulzers. It provided for the Crinces and Lewises to finance the purchase by way of a contract for deed at 8% interest with the Kulzers.

According to Harold Crince's deposition, on January 7, 1991, Darwin Kulzer told Harold Crince over the phone that he had mailed the purchase agreement to him and that Crince should cross out what he did not want. The Crinces and Lewises received the purchase agreement on January 9 or 10, 1991, signed it on January 20, 1991, and mailed it to their attorney, Steven Bolton.

On January 27, 1991, Harold Crince telephoned Darwin Kulzer to ask for the abstract to the property, how many weeks the property was rented out, and whether Kulzer would take cash instead of a contract for deed. Kulzer responded that he would check on the abstract and rental information and that he was not willing to take cash. The parties dispute how the conversation ended. Crince alleges he told Kulzer that he and his wife and the Lewises had signed the purchase agreement and sent it to their attorney. Kulzer alleges the conversation ended with Crince stating that he would investigate other financing options.

On January 28, 1991, Darwin Kulzer phoned Harold Crince to tell him that he had found other buyers, the Reeses, and that he was withdrawing his offer. The Reeses purchased the property on January 28, 1991. Attorney Bolton mailed the signed purchase agreement and earnest money check to the Kulzers on January 30, 1991.

## ISSUES

1. Was a valid contract between the Kulzers and the Crinces and Lewises formed prior to the purchase of the property by the Reeses?

2. Are the Kulzers entitled to costs and disbursements?

## ANALYSIS

The Crinces and Lewises do not dispute the fact that the Kulzers withdrew or revoked their offer on January 28, 1991. They argue, however, that they accepted the Kulzers' offer on January 27, 1991, when Harold Crince told Darwin Kulzer over the phone that the Crinces and Lewises had signed the purchase agreement. The trial court concluded that acceptance of the Kulzers' offer, to be valid, had to be written and delivered to the Kulzers and that the content of Harold Crince's telephone conversation with Darwin Kulzer on January 27 constituted rejection of the Kulzers' offer.

On review of a summary judgment, this court must determine whether any issues of material fact exist and whether the trial court correctly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact and either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03.

▇▇▇ 1. We conclude that the Crinces and Lewises have not alleged anything that shows that a mutual assent of the parties took place prior to the Kulzers' withdrawal of their offer. Mutual assent of the parties is essential for formation of a contract. *Lake Co. v. Molan,* 269 Minn. 490, 497, 131 N.W.2d 734, 739 (1964). Whether a contract is formed is judged objectively by the conduct of the parties, not by their subjective intent. *Cederstrand v. Lutheran Brotherhood,* 263 Minn. 520, 532, 117 N.W.2d 213, 221 (1962). The question is not what the party really meant, but what words and actions justified the other party to assume what was meant. *Zieve v. Holstad Coffee Co.,* 198 Minn. 580, 585, 270 N.W. 581, 583 (1936).

Accepting the allegations of the Crinces and Lewises as true, the facts are that after receiving the purchase agreement from the Kulzers, the Crinces and Lewises signed the purchase agreement and sent it to their attorney. Harold Crince then telephoned Darwin Kulzer and told Kulzer he had received the purchase agreement. Crince asked him about the rental obligations on the property, the abstract, and whether Kulzer would accept cash rather than contract for deed financing. Kulzer said that he would not accept cash instead of a contract for deed. Crince then told Kulzer that he, his wife and the Lewises had signed the purchase agreement and sent it to their attorney.

▇▇▇ These words and actions on the part of the Crinces and Lewises do not constitute an assent to, or acceptance of, the Kulzers' offer. Crince proposed paying in cash rather than using a contract for deed as the Kulzers' offer specified. A proposition to accept on terms other than those offered, or a counteroffer, is a rejection. *See Lewis v. Johnson,* 123 Minn. 409, 411, 143 N.W. 1127, 1127 (1913).

▇▇▇ Even if Harold Crince's inquiry about paying cash did not constitute a rejection of the Kulzers' offer, the facts, as alleged by the Crinces and Lewises, do not show an *assent* to the Kulzers' offer. There is no contract if assent is wanting on the part of one who signs a contract. *Linne v. Ronkainen,* 228 Minn. 316, 320, 37 N.W.2d 237, 239 (1949). The Crinces and Lewises did not express assent to the Kulzers' offer. They asked about the rental obligations, the abstract, and alternate forms of financing. They then signed the purchase agreement and sent it to their attorney. In light of these facts, their mere signatures on the document were not enough to constitute assent.

The words and actions of the Crinces and Lewises justified the Kulzers' assumption that their offer had not been accepted,

therefore, the Kulzers were free to sell the land to the Reeses.

2. The Kulzers have filed notice for this court to review the trial court's denial of costs and disbursements. They argue that they should have been awarded costs and disbursements pursuant to Minn.Stat. §§ 549.02, 549.04 (1990). Their summary judgment motion included a request for costs and disbursements.

In actions commenced in the district court, costs *shall* be allowed as follows:

\* \* \* \* \* \*

To defendant: \* \* \* (2) When judgment is rendered in the defendant's favor on the merits, $10.

Minn.Stat. § 549.02 (emphasis added).

In *every* action in a district court, the prevailing party \* \* \* *shall* be allowed reasonable disbursements paid or incurred.

Minn.Stat. § 549.04 (emphasis added). The trial court does not have discretion to deny costs and disbursements to the prevailing party. *See Jostens, Inc. v. National Computer Sys.*, 318 N.W.2d 691, 704 (Minn. 1982) (trial court erred in denying disbursements because prevailing party is entitled, by statute, to disbursements). We conclude the trial court should have awarded the Kulzers costs and disbursements and therefore remand for an award of reasonable costs and disbursements to the Kulzers.

### DECISION

The conduct of the Crinces and Lewises in questioning the terms of the Kulzers' offer and in sending the signed purchase agreement to their attorney did not constitute an acceptance of the Kulzers' offer. The Kulzers are entitled to an award of reasonable costs and disbursements.

**Affirmed in part, reversed in part and remanded.**