## STATE OF ARKANSAS VS. KIRKPATRICK.

32 117
70 498

1. CRIMINAL LAW: *Perjury; Evidence of Affidavit.*
   In prosecution for perjury, oral evidence of the false affidavit, is not admissable, where there is no showing that neither the original nor a certified copy of it, can be produced.

2. ———: *Jurisdiction; Quashing Indictment.*
   When the court sees it has no jurisdiction, it should quash the indictment of its own motion.

3. ———:
   Perjury is an offense against the sovereign whose law is violated by the making of the false oath.

4. ———:
   The courts of no country execute the penal laws of another.

5. ———:
   The clerk of the county derives his authority to take affidavits for homesteads in the lands of the United States, from the Act of Congress, and not from the statutes of this State, and such false affidavit taken before the clerk, is not punishable as perjury, in the courts of this State.

6. ———:
   Some acts are offenses against the laws of both the State and the United States, and punishable in the courts of either or both. See opinion for examples.

APPEAL from *Clark* Circuit Court.

Hon. L. J. JOYNER, Circuit Judge.

*Henderson,* Attorney General, for appellant.

ENGLISH, CH. J.:

Kirkwood was indicted for perjury, in the Circuit Court of Clark County, at the April Term, 1876; the indictment charging in substance :

That "said J. H. Kirkpatrick, at, etc., on the 10th day of January, 1876, did wilfully, corruptly, and falsely swear before R. R. Ross, Deputy Clerk of Jesse A. Ross, Clerk of the Circuit Court of Clark County, he, the said R. R. Ross, being authorized by law to administer oaths ; that he had not thereupon had the

benefit of an Act of Congress approved May 20th, 1862, en-
titled 'An act to secure a homestead to actual settlers on the
public domain'; and he, the said J. H. Kirkpatrick, further
made oath, that he had made a bona fide settlement and improve-
ment, and was residing on certain lands for the securing of which
he, the said J. H. Kirkpatrick, was then and there making appli-
cation to secure as a homestead, to-wit: The southeast quarter
of the southeast quarter of section thirty-three, and the south
half of the south-west quarter of section thirty-four, and the
southeast quarter of the southeast quarter of section thirty-four,
all in township five south, range twenty-two west. Which said oath
was material to secure said lands as such homestead; and the
said J. H. Kirkpatrick well knew the same was false when he
made the same as aforesaid; the truth being, that he had hereto-
fore made an application to homestead certain lands; and that said
J. H. Kirkpatrick had made no settlement or improvement, and
was not residing on said land above described. And so the jury
say, that the said J. H. Kirkpatrick, in the manner above stated,
committed perjury, contrary to the statute in such case made and
provided, and against the peace and dignity of the State of
Arkansas."

The defendant waiving arraignment, entered the plea of not
guilty, and was put upon trial. The State introduced A. M.
Crow as a witness, to prove that the defendant had made affidavit
of settlement and cultivation before the Clerk of Clark County,
in order to secure a homestead under the Laws of the United
States; whereupon the defendant moved to exclude such testi-
mony, and the court sustained the motion. The State also
offered testimony to prove that defendant had made no settle-
ment and cultivation at the date of said affidavit, which testi-
mony was excluded by the court, on motion of defendant; to
each of which rulings the State excepted. The State offering no

further evidence, the jury returned a verdict of not guilty, and judgment was entered discharging defendant. The State appealed.

By sec. 2 of the Act of Congress, approved 20th May, 1862, "to secure homesteads to actual settlers on the public domain," (12 U. S. St. L., 392) the person applying for the benefit of the act, is required to make affidavit before the register or receiver, stating the facts prescribed by the act to entitle the applicant to a homestead entry, and to file the affidavit with the register or receiver.

The original act contained no provision for making such affidavit before the clerk of a state court.

But by sec. 3 of the Act of 21st March, 1864, Amendatory of the Homestead Law (13 U. S. St. L., 35) it is provided:

"That in any case hereafter in which the applicant for the benefit of the homestead, and whose family or some member thereof, is residing on the land which he desires to enter, and upon which a bona fide improvement and settlement had been made, is prevented, by reason of distance, bodily infirmity, or other good cause, from personal attendance at the district land office, it shall and may be lawful for him to make the affidavit required by the original statute, before the clerk of the court for the county in which the applicant is an actual resident, and to transmit the same, with the fee and commissions, to the register and receiver."

It was for making a false affidavit under this act, that appellee was indicted for perjury.

Mr. Greenleaf, treating of proof in cases of perjury, says: "where the oath was made to an answer in chancery, deposition, affidavit, or other written paper, signed by the party, the original document should be produced, with proof of his handwriting. etc." 3 Greenleaf. Ev., sec. 192.

In this case the State, it seems, neither offered in evidence the original affidavit, nor a certified copy from the land office, nor

made any showing that neither could be produced, but offered a witness to prove the oath. The court below did not err in excluding the evidence so offered.

It is suggested, however, that the court excluded the evidence offered, on the ground that it had no jurisdiction to try and punish the offense charged in the indictment, and the Attorney General has filed the transcript here for the purpose of having that question decided, under sec. 2128, Gantt's Digest.

If the court below was of the opinion that it had no jurisdiction of the offense charged, it should have quashed the indictment of its own motion, no demurrer or motion to quash being interposed by the defendant. It was useless to put him upon trial, on the plea of not guilty, exclude the evidence offered by the State, and permit a verdict of acquittal to be rendered, if the court had no jurisdiction of the offense.

We have however, examined the question of jurisdiction, and have no objection to expressing an opinion on the subject.

The clerk derives his authority to take the affidavit, from the Act of Congress, and not from any statute of the State. Whether a deputy of the clerk can administer the oath, we have no occasion to decide in considering the question of jurisdiction. See *United States* v. *Barton*, Gilpin's R., 443.

There being no law of the State requiring, or imposing it as a duty upon the clerk to take the affidavit, he being merely authorized to do so by Congress, for the purposes of the Homestead Act, he is at liberty to administer the oath, or decline it, as he may think proper. *State* v. *Whittemore*, 50 New Hamp., 250; *United State* v. *Bailey*, 9 Peters, 253.

Perjury is an offense against the sovereign whose law is violated by the making of the false oath.

The courts of no country or sovereign, execute the penal laws of another. Story, on Confl. L., sec. 621; The Antelope, 10 Wheaton, 66, 123.

State of Arkansas vs. Kirkpatrick.

In this country, where the citizens owe allegiance to two sovereigns, the State and Federal governments, there are certain crimes which are offenses against the laws of both sovereigns, and they may be punished in the courts of either. For example, the State has passed statutes to punish the passing of counterfeit coin, etc., and Congress has enacted similar laws and a person passing or uttering such coin, etc., criminally, may be punished by the proper court of either government. *Fox* v. *The State of Ohio*, 5 Howard, 411; *United States* v. *Marigold*, 9 Howard 561.

Another example may be given, in the language of Mr. Justice Grier, in *Moore* v. *Illinois*, 14 Howard, 20. Where the same act may be an offense against both sovereigns, and punishable by both: "Every citizen of the United States is also a citizen of a State or Territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for any infraction of the laws of either." The same act may be an offense or transgression of the laws of both. Thus an assault upon the Marshal of the United States, and hindering him in the execution of legal process, is a high offense against the United States, for which the perpetrator is liable to punishment: and the same act may be also a gross breach of the peace of the State, a riot, assault, or murder, and subject the same person to punishment, under the State laws, for a misdemeanor or felonly. That either or both may (if they see fit) punish such offender, cannot be doubted. Yet it cannot be truly averred that the offender has been twice punished for the same offense: but only that by one act he committed two offenses, for each of which he is justly punishable."

We have no special statute making it perjury to make a false oath before a clerk, who administers such oaths under the authority conferred upon him by, and for the purposes of, the Homestead Act of Congress.

The general statute defines perjury thus:

"Perjury is the wilful and corrupt swearing, testifying or affirming falsely to any material matter in any cause, matter, or proceeding before any court, tribunal, body corporate, or other officer having by law, authority to administer oaths." Gantt's Digest, sec. 1415.

"The wilful and corrupt swearing, affirming, or declaring falsely to any affidavit, deposition, or probate, authorized by law to be taken before any court, tribunal, body politic, or officer, shall be deemed perjury." Ib., sec. 1416.

The oath in this case was not taken under or by virtue of any law of the State, nor by an officer acting, in administering the oath, under authority conferred upon him by any law of the State, nor was the affidavit to be used in any court, tribunal or before any officer of the State.

On the contrary, the oath was taken under the Homestead Act of Congress, it was administered by an officer acting under authority of that act, and the affidavit was taken to be used before a United States land officer to procure a homestead entry. If the oath was wilfully false, it was an offense not in violation of a State law, nor against the sovereignty of the State. *United States* v. *Bailey,* 9 Peters, 238.

In *People* v. *Sweetman,* 3 Parker's Criminal Rep., 358; held that under the Act of Congress, the County Courts of the several counties of the State of New York had jurisdiction of the naturalization of aliens. That the State Courts in entertaining jurisdiction of cases of naturalization, act exclusivly under the laws of the United States, and should be deemed *quoad hoc,* courts of the United States. And that wilful false swearing by a person giving material testimony in a naturalization proceeding, before a County Court, was an offense against the laws of the United States, and punishable in the United States Courts.

In *Rump* v. *Commonwealth*, 30 Penn. State R., 475; held that a person who made a false oath in a naturalization proceeding before the District Court for the City and County of Philadelphia, was indictable in the State Court, but this was put upon the ground that a statute of the State, as well as the Act of Congress, conferred upon the courts of the State jurisdiction to naturalize aliens. This case was approved in a similar case in *New Hampshire State* v. *Whittemore*, 5 N. H., 246.

But the Pennsylvania case was a stronger one in favor of the jurisdiction of the State Court, than the case now before as. There, the oath was taken in a proceeding in which the State Court was exercising jurisdiction; here, the affidavit was made to be used before a Federal land officer.

In *ex parte* Dock Bridges, 2 Wood's R., 428; Bridges was indicted in the Superior Court of Randolph County, Georgia, for perjury committed October, 27th 1874, in an examination before a United States Commissioner, under the Improvement Act. He was released, after conviction, on *habeas corpus*, by Mr. Justice Bradley, on the ground that the crime with which he was charged was an offense against the laws of the United States. and not against the laws of Georgia. That it would be a manifest incongruity for one sovereignty to punish a person for an offense committed against the laws of another sovereignty.

We are of opinion that the court below had no jurisdiction of the offense charged in the indictment in this case.

Affirmed.