CREBBIN v. DELONEY.

Opinion delivered June 14, 1902.

1. CONFLICT OF LAWS—PLACE OF CONTRACT.—A note payable in another state is governed by the laws of such state. (Page 498.)

2. USURY—CONTRACT OF ANOTHER STATE—PENALTY.—Where the laws
of another state provide that in case of a usurious note the court
shall render judgment for the principal and interest at the rate
of ten per cent. per annum, upon which judgment the court shall
cause an order to be made setting apart the whole interest for the
use of the county common schools, a note usurious by the laws
of such state is enforceable in this state only as to the principal;
the forfeiture of the interest to the school fund being a penalty,
and not enforceable. (Page 498.)

Appeal from Howard Circuit Court in Chancery.

WILL P. FEAZEL, Judge.

Reversed in part.

### STATEMENT BY THE COURT.

This is an action commenced in the Horward circuit court,
founded upon a promissory note or bond executed and delivered by
the appellee, Alchymy Deloney, and his wife to the Jarvis-Conklin
Mortgage Trust Company on the 1st day of January, 1888, for
$2,350, bearing interest at the rate of 7 per centum per annum,
payable semiannually, until due, and 10 per centum after maturity
until paid. To secure the payment of this principal note, the ap-
pellees, Deloney and wife, executed and delivered to Samuel M.
Jarvis, trustee of the Jarvis-Conklin Mortgage Trust Company,
their certain deed of trust wherein they conveyed the west half of
the southeast quarter and the southwest quarter of section 15 and
the northeast quarter of the southeast quarter of section 16, all in
township 11 south, range 27 west, in Howard county, Arkansas,
which deed of trust was conditioned for the faithful performance
of the contract evidenced by the principal note and interest coupons
evidencing the interest payable on the principal note or bond.
Default having been made in these payments, and the note and
coupons sued on being past due and payable, foreclosure was sought
as authorized by the terms of this deed of trust, as well as a personal
judgment for the amount due and unpaid.

The note thus secured having been assigned to the appellant,
the action was brought in his name.

The defendants answered, admitting the execution of the note
and mortgage sued on, and alleged that both are void on account
of usury, stating in detail the facts and circumstances relied on
to sustain this plea. They also pleaded the laws of Missouri per-

taining to usury, and set up the defense under these laws, and prayed that the note and deed of trust be declared void.

The appellant also brought a contemporaneous action at law to obtain possession of the rents and profits of the land in controversy, and, by consent of parties, the two actions were heard together without the intervention of a jury.

The court, in the law case, found that there was due and unpaid on the note and mortgage in controversy the sum of $2,578.26, and that there had been default in the payment of the note and interest, and gave judgment for appellant for the possession of the land.

In the equity case the court decreed in favor of the plaintiff for the sum of $2,578.26, and directed that all of this sum, in excess of $1,997.80, which the court found to be the interest remaining unpaid on the amount loaned the appellee, be set apart for the use of Howard county, Arkansas, for the benefit of the common school fund of said county, and that plaintiff pay the cost of the action. From this decree both parties appealed. From the judgment of possession in the law case, the defendant appealed.

*W. C. Rodgers,* for appellant.

Plaintiff could sue in ejectment and foreclose in equity at same time. 7 Ark. 310; 13 Ark. 533; 55 Ala. 607; 2 Ves. Sr. 675; 12 S. & R. (Pa.) 240; 2 Ark. 343; 10 Johns, 481; 23 Ill. 30; 18 Ark. 546. The contract must be governed by the laws of Missouri. 14 Ark. 603; 33 Ark. 645; 35 Ark. 52; 36 Ark. 569; 44 Ark. 230; 47 Ark. 54; 60 Ark. 269; 64 Ark. 30; 66 Ark. 77; 67 Ark. 252; 1 Cowp. 341; 23 So. Rep. 12; 50 S. C. 303; 19 Nev. 121; 53 Fed. Rep. 474. As there was a stipulation in the agreement as to which law should govern, the question is settled thereby. 64 Ark. 39; 14 S. W. Rep. 1024; 87 Ga. 113; 1 Wall. 298; 96 U. S. 51. The rule as to transitory actions: 88 Va. 971; 68 Vt. 727; 145 U. S. 593; 126 N. Y. 10; 16 R. I. 388; 83 Ky. 174; 113 Ind. 169. The rule that a state cannot enforce the criminal penalties of another applies to civil suits for penalties. 98 U. S. 555; 6 Wall. 7; 66 Me. 212; 87 N. Y. 430; 98 Pa. St. 65; 20 W. Va. 450; Rorer, Interstate Law, 206; 33 Md. 487; 7 Met. (Mass.) 14; 12 Allen, 438; 95 Ia. 740; 67 Vt. 76; 101 U. S. 188; 3 Dutch. (N. Y.) 166; 8 Ohio St. 215; 33 Md. 487; 23 Cal. 472; 58 Hun, 112; 143 Mass. 301; 37 Wis. 323; 127 U. S. 265. The rule is universally enforced in civil and criminal cases. 45 Md. 41; 14 Vt. 357; 67

Barb. 91; 9 Ill. 521; 9 R. I. 541; 14 Johns, 338; 1 Robt. 383; 1 N. Y. 537; 10 Wheat. 66, 123; 32 Ark. 117; 1 Yerg. 110; 58 Vt. 727; 3 T. R. 726; 6 M. & S. 92; 18 Kan. 46; 72 Ind. 220; 43 Ga. 461; 84 Mo. 679; 10 Ohio St. 121; 25 Conn. 265; 2 Wall. 29. The legislature intends that its statutes shall not apply beyond the limits of the state. 45 Md. 41; 14 Vt. 357; 18 Kan. 46; 98 N. Y. 377; 14 Johns, 338. Penal statutes must be strictly construed. 56 Ark. 45; 59 Ark. 544; 56 Ark. 224; 22 Pick. 385; 106 N. Y. 277; 38 Miss. 185; 101 U. S. 188; 67 Ark. 357; 23 Cal. 472; Endlich, Int. St. § 127; Suth. Stat. Cons. § 400; 85 U. S. 409. The court can only take notice of the laws of a foreign state to the extent proved. 37 Mo. App. 352; 66 Ark. 77; 10 Ark. 169; 121 Cal. 620; 171 Mass. 425; 19 Ind. App. 469; 26 Vt. 689; 2 Mass. 83; 8 Mass. 9; 80 Ind. 186; 4 Conn. 517; 19 Mich. 187; 6 Conn. 480; 37 Fla. 64; 10 Wend. 75; 37 Mo. App. 352; 14 Ark. 603; 10 Ark. 169; 30 Ark. 124; 50 Ark. 237; 36 Ark. 645; 46 Ark. 50; 35 Ark. 52. Forfeitures and penalties are odious in equity. 15 Wall. 146; 97 U. S. 13; 38 Ark. 285; 144 U. S. 384; 58 S. W. 361. The plea must be proved beyond a reasonable doubt. 18 N. J. Eq. 487; 12 Ore. 349. Usury must be clearly shown. 57 Ark. 250; 66 Ark. 77; 56 S. W. 782. Usury must be shown to have been contemplated by both parties. 9 Pet. 397; 116 U. S. 98; 9 Ark. 22; 54 N. J. Eq. 97. Rebates given prevented usury. 54 Ark. 566. Expenses of the loan were not a charge for the use of the money. 57 Ark. 347; 2 T. R. 52; 145 Ill. 412. There was no proof of any agency in Arkansas. 44 Ark. 213; 36 Atl. 797. Benjamin was nothing more than a broker. 66 Ark. 10; 3 S. W. 1113. A broker's commission is no part of the interest charged by the lender. 51 Ark. 548; 51 Ark. 534; 54 Ark. 573. The evidence fails to disclose an intention to charge usury. 62 Ark. 370; 38 S. W. 1113. There can be no recovery of interest paid under the laws of Arkansas or Missouri. 12 Mo. 18; 55 Mo. 387; 43 Mo. App. 272; 39 Mo. 445; 55 Ark. 318; 32 Neb. 302; 53 Ia. 396; 24 Ill. 381. The defense of usury is personal to the borrower. 7 Ark. 146; 32 Ark. 346; 53 S. C. 115. The defense of usury must be specifically pleaded. 56 Neb. 446; 10 Wheat, 367; 26 Ark. 356; 30 Ark. 135; 85 Ala. 360; 22 Ark. 409; 21 Mo. 432; 55 Ark. 318; 111 Ala. 468. Laches and neglect are discountenanced, and there was always a limitation to suit in this court. 55 Ark. 85; 58 Fed. Rep. 470; 21 Fed. Rep. 574; 2 Wall. 87; 15 Ark. 286; 120 U. S.

378; 8 Utah, 350; 145 U. S. 368; 149 U. S. 287; 150 U. S. 193; 158 U. S. 150; 7 How. 234; 143 U. S. 224; 19 Ark. 16; 14 Ark. 62; 124 U. S. 183; 21 Wall. 178; 46 Ark. 25; 68 Fed. Rep. 489; 20 R. I. 202; 1 How. 161; 19 Ark. 16; 117 Cal. 215; 83 Fed. Rep. 794; 70 Vt. 52; 160 U. S. 171; 36 Atl. 1099; 64 Ark. 345; 76 Fed. Rep. 82. There is no reason given on the part of appellee why suit was not brought sooner. 58 Fed. Rep. 470; 88 U. S. 178; 60 S. W. 229; 143 U. S. 224.

*W. S. Eakin* and *J. W. House & M. House,* for appellees.

The law of comity between the states will not authorize Arkansas courts to enforce the penalty prescribed by the laws of Missouri. 79 Md. 191; 127 U. S. 265; 33 Md. 498; 4 Gilm. 521; 22 Ill. 606; 1 N. Y. 537; 87 N. Y. 430; 5 Ohio, 217; 1 Yerg. 110. This law cannot be extended so as to violate public policy or positive legislation of a state. 29 Mo. App. 397; 42 Miss. 444; 45 S. C. 344; Busbee's Law, N. C. 314; 9 Sm. & M. 247; 18 La. Ann. 10; 28 N. H. 379; 42 Mo. 474; 3 Jones, Eq. 294; 21 F. R. 299. The laws of Missouri have no force beyond the limits of that state, and are recognized *ex comitate,* but not to enforce a penalty or in violation of the settled policy of this state. 28 N. H. 379; 5 J. J. Marshall, 460; 12 Vt. 464; 5 Martin (N. S.), 569. Usurious contracts are void. 5 Ark. 684; 13 Ark. 12; 29 Ark. 386; 47 Ark. 378; 32 Ark. 619; 34 Ark. 762. An illegal contract under the laws of Missouri cannot be enforced here. 3 Ark. 227; 19 Ark. 346; 25 Ark. 209; 25 Ark. 238; 46 Ark. 420; 53 Ark. 147; 63 Ark. 318; 47 Ark. 378; 62 Ark. 254; 64 Ark. 29. A contract usurious where made is so everywhere. 63 Minn. 196; 5 Ind. App. 89; 146 Ill. 523; 124 Md. 178; 19 La. 136-216; 13 Peters, 78; 11 Ind. 117; 6 Ohio St. 19; 1 Wall. 310; 55 Am. St. Rep. 44; 91 Ia. 108; 6 La. Ann. 563; 8 Martin, 95; 49 Md. 336; 125 Mass. 374; 6 Wend. 103. A contract made by correspondence is governed by law of the place where final assent was given to the contract. 69 Mo. 105; 36 N. Y. 307; 15 R. I. 380; 47 F. R. 867; 51 Fed. Rep. 168. The place of delivery is the place of contract. 5 Allen, 140. The laws of the state in which the property is situated must govern in the construction and validity of the contract. 85 Ind. 414; 11 Gray, 38; 11 Neb. 91; 5 Saw. 32; 1 Biss. 337; 13 Pet. 65; 19 N. E. 25; 38 Barb. 352; 27 Am. & Eng. Enc. Law, 974. A contract, illegal under both jurisdictions, cannot be enforced in either. 42

Miss. 444; 66 Me. 212; 11 Pick. 36; 2 Metc. 8; 7 Metc. 14-16. Plea of usury may be interposed as long as there is a demand outstanding not barred by limitations. 32 Ark. 346; 39 Am. Rep. 474.

HUGHES, J., (after stating ·the facts.) The appellant contends that this is a Missouri contract, and the appellee that it is an Arkansas contract. The court is of the opinion that it is a Missouri contract, because it is dated and payable at Kansas City, Missouri, and must be governed by the laws of Missouri. The court is of the opinion also that the evidence is sufficient to sustain the decree that the contract is usurious under the laws of Missouri upon the subject of usury, and the decree to that extent is affirmed.

But the decree as to the penalty,—that is, the forfeiture of the interest to the school fund of Howard county,—is reversed and set aside. We have no law authorizing such a decree, and, while that might be a proper decree, under the Missouri law, in the state of Missouri, yet the law of Missouri imposing such penalty has no extraterritorial force, and will not be enforced here upon the principle of comity.

In *Western Transportation & Coal Company* v. *Hilderhouse,* 87 N. Y. 436, 438, the court of appeals of New York held: "It is very well settled that penal laws have no extraterritorial force, and the statute of New York regulating the rate of interest is merely a penal law." See, also, *Lebanon National Bank* v. *Karmany,* 98 Pa. St. 65, 76; *Barnet* v. *National Bank,* 98 U. S. 555. "Nor will the courts of one state enforce the statutory penalty of another state. Such penalties can only be enforced in the courts of the states by the laws of which they are imposed; and they cannot be enforced elsewhere, either by the force of the statute creating them, or upon the principles of comity." *Stevens* v. *Brown,* 20 W. Va. 450, 461. Rorer, Interstate Law, p. 206. The courts of no country will enforce the penal laws of another country. *State* v. *Kirkpatrick,* 32 Ark. 117, 120. This seems to be a universal rule.

The following sections from the Revised Statutes of Missouri were introduced in evidence:

"Section 5972. When no rate of interest is ·agreed upon, 6 per cent. allowed as legal interest.

"Section 5973. Parties may agree in writing for interest not exceeding 10 per centum per annum on money due or to become due upon any contract.

"Section 5974. Interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering same until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than 6 per cent. shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear 6 per centum per annum until satisfaction made, as aforesaid.

"Section 5975. No person shall directly or indirectly take, for the use or loan of money or other commodity, above the rate of interest specified in the three preceding sections for the forbearance or use of $100, or the value thereof, for one year, and so after these rates for a greater or less sum, or for a longer or shorter time, or according to those rates or proportions, for the loan of money or other commodity.

"Section 5976. If any action or suit shall hereafter be commenced upon any bond, note, mortgage, specialty, agreement, contract, promise or assurance whatever, which shall be made within this state, and the defendant may, in his answer, show that a greater or higher rate of interest than 10 per cent. per annum was therein or thereby agreed for, or received or taken, and if the answer of the defendant to any suit shall be sustained by the verdict of a jury or the finding of the court, the court shall render judgment on such verdict or finding for the real sum of money or the price of the commodity actually lent, advanced or sold, and interest on the same at the rate of 10 per cent. per annum; upon which judgment the court shall cause an order to be made setting apart the whole interest for the use of the county in which suit may be brought, for the use of common schools, and the same, when collected, shall be paid over accordingly, and go to and form a part of the common school fund of said county; and the defendant may recover his costs."

But can the judgment for the principal be enforced in the courts of this state? It will be observed that, unlike our usury laws, the Missouri statute imposes a penalty in case of usury to the extent only of a forfeiture of the interest, while in our state the law forfeits both principal and interest in case of a usurious contract. In Missouri the contract is not void, but only the interest is forfeited in case of usury. It is contended that our courts will not enforce a usurious contract, wherever it may be made; that it is

contrary to the policy of our laws. If the contract was an Arkansas contract, it would be void, if usurious, and could not be enforced. But a contract, valid under the laws of the state where made, is valid in this state, and may be enforced in the courts of this state. "As a general rule, the validity of a contract is to be determined by the law of the place where it is made. * * * The nature, validity and interpretation of contracts are to be governed by the *lex loci contractus;* but remedies, by the *lex fori."* The rights of the parties are governed by the *lex loci.* 3 Am & Eng. Enc. Law (1st Ed.), 542.

As the contract as to the principal was valid in Missouri, and so held by the court, that part of the decree is affirmed, and the cause is remanded to the court with directions to enter a decree in accordance herewith, and to proceed to foreclose the mortgage accordingly.