COMMERCIAL CREDIT CORPORATION *v.* KITCHENS.

5-1887                                         328 S. W. 2d 355

Opinion delivered November 2, 1959.

*Barber, Henry, Thurman & McCaskill* and *James M. Rowan, Jr.,* for appellant.

*Spencer & Spencer,* for appellee.

Ed. F. McFaddin, Associate Justice. This is another case involving usury in a conditional sales contract. The Chancery Court held that usury was established; and for reversal appellant urges only this point: "The Chancellor erred in voiding the conditional sales contract in the instant case, since the reservation of usurious interest, if any, was the result of an honest mistake of fact". This point is really a two-pronged statement because appellant argues: (a) there was no usury; and (b) even if usury be found the same was the result of an honest mistake.

On October 4, 1957 appellee, Walter G. Kitchens, purchased an automobile from Lindsey Brothers Motor Company for the sum of $1,695.00. Kitchens paid $500.00 cash and the balance was evidenced by a conditional sales contract. Here is the tabulation of the transaction as appears on the note:

| | |
|---|---:|
| Purchase price of car | $1,695.00 |
| Less cash payment | 500.00 |
| Unpaid Balance | 1,195.00 |
| Car Insurance Premiums | 179.00 |
| Life Insurance, Accident, Hospitalization, *etc.* premiums | 70.12 |
| Time Price Differential | 234.84 |
| Amount of Conditional Sales Contract Note | $1,678.96 |

This note was to be paid in four installments of $419.74 each, and the four payments were due as follows: No. 1 due April 1, 1958; No. 2 due December 1, 1958; No. 3 due April 1, 1959; No. 4 due as hereinafter discussed. The appellant furnished the contract form to Lindsey Brothers, as well as the information as to insurance charges, the price differential, and schedule of payments; and the contract was immediately transferred by Lindsey Brothers to the appellant. *Hare* v. *General Contract Purchase Corp.,* 220 Ark. 601, 249 S. W. 2d 973. After the first payment became due, Kitchens filed this suit seeking to void the entire transaction on the basis of usury. The appellant denied usury and

cross-complained for judgment. As previously stated, the Chancery Court held the contract to be usurious; and this appeal ensued.

I. *Contract Date For Payment No. 4.* In approaching the usury question it is essential to know the contract payment date. Appellee says that the payment No. 4 was due October 1, 1959; and appellant says it was due December 1, 1959. We have examined the original contract, as also did the Trial Court; and clearly one date has been superimposed over the other: that is, "Oct." was written in ink and over it there has been placed "Dec."; or *vice versa.* There is testimony that the final payment was not to be more than two years after the purchase date (October 4, 1957) because the insurance coverage was only for two years,[1] which would have expired in October 1959. Because of such evidence, and other in the record, it is clear that a question of fact was made as to when the fourth payment was due; and we cannot say that the Trial Court was in error in holding that the fourth payment was due October 1, 1959 and that the change of the contract was from October to December.

II. *The Alleged Mistake.* On March 22, 1958 appellant wrote appellee a letter admitting an overcharge of $40.11. The germane portion of the letter reads:

"We would like to call to your attention that the first note on the above account will be due April 1, 1958. The first installment was $419.74 however, there was an overcharge on the *insurance* of *$40.11* which leaves a balance of $379.63 due April 1." (Emphasis supplied.)

Another letter from the appellant to the appellee said the overcharge was in the finance charge. That letter read:

"We have rechecked the *finance charges* on your 1956 Chevrolet and have found that you were overcharged $40.11 on the account. We are crediting your account with $40.11 and you may deduct this amount

---

[1] The bail bond was for two years from October 4, 1957; and the life insurance was to expire October 4, 1959.

from your first instalment which will be due April 1, 1958.'' (Emphasis supplied.)

If the overcharge of $40.11 was in insurance, then the time price differential (another way of saying interest) would still remain at $234.84; and if the overcharge of $40.11 was in the finance charge, then the interest would be $194.73. It must be borne in mind that the appellant calculated all insurance charges and all interest charges, and never furnished the appellee any itemization. The salesman who sold the car to the appellee testified that he (salesman) did not know how to figure the charges and called appellant's office and obtained the figures. Appellant's witness substantiated such testimony but was unable to satisfactorily explain why one letter to appellee said ''insurance'' and the other letter said ''finance charges''. In such confusion of testimony by appellant's own witness, we cannot say that the Trial Court was in error in treating the overcharge as insurance, since no detailed itemization was furnished as to what was insurance and what was interest. *Jones* v. *Jones*, 227 Ark. 836, 301 S. W. 2d 737.

III. *Calculation.* When we come to the matter of calculation, it makes very little difference whether the $40.11 be treated as a credit on interest or a credit on insurance, because the testimony shows that, even with the $40.11 credited to interest, the contract still remains usurious. Plaintiff called an accountant, who submitted detailed figures to substantiate his testimony that, even if the $40.11 was credited to interest, the contract would still be usurious by the amount of $1.83; and that if the $40.11 was credited to insurance, the usury would amount to $48.25. So, even under the appellant's own claim of an honest mistake, the contract was still usurious in fact. The appellant had a definite intention to charge a certain sum of money, which turns out to be usurious. *General Contract Purchase Corp.* v. *Duke*, 223 Ark. 938, 270 S. W. 2d 918.

Affirmed.

HARRIS, C. J., HOLT & WARD, JJ., dissent.