HUCHINGSON *v.* REPUBLIC FINANCE CO., INC.

5-3038 370 S. W. 2d 185

Opinion delivered September 9, 1963.

*Ben M. McCray,* for appellant.

*Hall, Purcell & Boswell,* for appellee.

CARLETON HARRIS, Chief Justice. This litigation involves a conflict of laws, the question being whether a certain contract (hereinafter discussed) is governed by the law of Arkansas or by the law of Iowa.

According to a stipulation entered into between the parties, Carl J. Cardamon, an agent of Builders' Supply Company of Des Moines, Iowa, on May 11, 1960, contacted the appellants, Gordon Huchingson and wife, Amanda E. Huchingson, at their residence near Benton, Arkansas, and proposed to install aluminum siding on the Huchingson home. A contract was prepared authorizing Builders' Supply to do this work for the total sum of $1,600.00, $400.00 to be paid upon the completion of the work, and the balance of $1,200 to be paid in 36 monthly installments of $41.85 each. The contract provided "carrying charges," in the amount of $306.60. Appellants and Cardamon executed the contract in Saline County, and Hilary DiPaglia, a partner of Builders' Supply Company, subsequently "approved and accepted" the contract in Des Moines, Iowa. At the time they executed the contract in Saline County, appellants also executed their note in the amount of $1,506.60 (principal

and "carrying charges"), together with interest at the rate of 7% per annum after maturity, said note being payable at Des Moines. Within a day or two, work was commenced on the house, and shortly completed.[1] Builders' Supply Company endorsed the note without recourse to Republic Finance Co., Inc., of Des Moines, and when payment was refused by appellants on the ground of usury, suit was instituted in the Saline Circuit Court. After the filing of an answer, in which the defense of usury was pleaded, the case was submitted for trial to the Circuit Court on the pleadings, exhibits, and a stipulation entered into between the parties which included the admitted fact that the contract and note are usurious under both Iowa and Arkansas law. In its "finding of fact" the court stated:

"This Court believes that the law requires that if there can be any basis for sustaining a note that such note be sustained. In this situation if the note under consideration be an Arkansas note then it is usurious and null and void. The situation exists though in which if the note be construed under the law of Iowa then, relying upon the representations of the attorney for the plaintiff in his brief, if the note be considered to have been finally executed in Iowa the provisions for payment of interest alone are null and void and the note should be paid in its principal sum."

It then found "that the final execution of the note was in the State of Iowa and that the plaintiff is entitled to recover the sum of $1,200.00, and that the provisions for interest on such note shall be cancelled and shall be held for naught."

From the judgment so entered, appellants bring this appeal.

Paragraph Seven of the stipulation concisely sets forth the question we are called upon to determine. That paragraph reads as follows:

---

[1] While not shown by the record, appellants evidently paid the $400.00 upon completion of the work.

"That the sole question to be determined by this Court in this action is whether the contract and note constitute an Arkansas contract or an Iowa contract, as it is conceded by the plaintiff that the contract and note are usurious under both Arkansas and Iowa law, and if found to be an Arkansas contract, judgment should be for the defendants, but if the Court construes the note and contract to be Iowa contracts then judgment should be for the plaintiff with the provision that the accrued interest on the note shall be paid into the Iowa School Fund."[1A]

We have reached the conclusion that the judgment must be reversed. While in *Cooper* v. *Cherokee Village Development Company*, 236 Ark. 37, 364 S. W. 2d 158, we stated, "This court has consistently inclined toward the law of the state that will make the contract valid, rather than void," this statement is only applicable where ostensibly the law of either state could apply, or where there is doubt as to which properly does apply. Under the facts in the instant case, we have no hesitancy in declaring that the contract before us was an Arkansas contract, and is controlled by the law of this state.

In the first place, the contract was entered into, and the note executed by appellants, and Cardamon, the agent of the company, in Benton, Arkansas, and the work was to be performed in Arkansas. It is true that the instrument was subsequently "approved and accepted" by one of the partners of the Builders' Supply Company in Des Moines, but it does not appear that this approval was necessary to effectuate the contract. This is made

---

[1A] Under the law in Iowa, the effect of usury on the collection of a note is that the principal sum only can be collected by the holder of the note, and the interest is paid into the Iowa school fund. However, in *Crebbin* v. *Deloney*, 70 Ark. 493, 69 S. W. 312, a similar provision of Missouri law was involved, but we affirmed as to the principal only, stating:

"But the decree as to the penalty,—that is, the forfeiture of the interest to the school fund of Howard county,—is reversed and set aside. We have no law authorizing such a decree, and, while that might be a proper decree, under the Missouri law, in the state of Missouri, yet the law of Missouri imposing such penalty has no extraterritorial force. and will not be enforced here upon the principle of comity."

clear by the provisions of Paragraph One of the stipulation, which sets out that "a day or two" after the contract was executed by the Huchingsons and Cardamon at Benton, "work was immediately commenced and carried on to completion." From the record, the company agent had apparent authority to execute the contract, and there is nothing in the contract itself which provides that same must be approved in the home office before becoming effective. In fact, one of the provisions states: "This order is not cancellable and it is agreed that if the undersigned designated as 'Owner' does not perform same on their part that Builders' Supply Co., will have incurred damages as a result thereof and the undersigned 'Owner' hereby agrees that liquidated or ascertained damages in the sum of thirty (30%) per cent of the contract price shall be due and payable to said Builders' Supply Co."

We daresay that if appellants had, within a few hours after signing this contract, changed their minds about entering into the agreement, the company would have relied upon, and sought enforcement, of the quoted provision. It appears to us, both from the language of the contract, and the action of the company in commencing work almost immediately following the execution of same at Benton, that the agreement was complete when executed in Saline County, Arkansas, on May 11, 1960, and Iowa law has no substantial connection with the transaction.

The only circumstance that favors appellee is the fact that the monthly payments shall be made in Des Moines. Of course, in reaching our conclusions, the contract and note must be considered together. If the only instrument involved were a promissory note, payable in Iowa, appellee's position might well be maintained. But when the note is only a part of the overall agreement, we consider the situation vastly different. To hold that the mere fact that the note was payable in Iowa made the agreement subject to Iowa law, when all other essential elements of the contract were entered into, and were to be performed in Arkansas, would be to henceforth

furnish a loop-hole whereby an unscrupulous individual, or company, from a state which permitted liberal interest rates, could enter into contracts in this state, and simply by making the note payable in his, or its, own state, safely evade the usury laws of this jurisdiction.

Arkansas has a strong public policy on this subject, as indicated by the fact that the penalty against a seller or lender exacting usury is indeed heavy,[2] and this court, particularly for the last 10 years, has been zealous in guarding against any attempt to evade our constitutional provisions relative to usury.[3]

For the reasons herein set forth, we are of the view that the trial court erred in holding that the contract was to be governed by Iowa law, and the judgment, therefore, should be, and is, reversed.

It is so ordered.

---

[2] The debt is cancelled.

[3] See *Heidelberg Southern Sales Co.* v. *Tudor,* 229 Ark. 500, 316 S. W. 2d 716; *Winston* v. *Personal Finance Company of Pine Bluff, Inc.,* 220 Ark. 580, 249 S. W. 2d 315; *Commercial Credit Corp.* v. *Kitchens,* 231 Ark. 104, 328 S. W. 2d 355; *Holland* v. *Doan,* 228 Ark. 340, 307 S. W. 2d 538; *Brooks* v. *Burgess,* 228 Ark. 150, 306 S. W. 2d 104; *Strickler* v. *State Auto Finance Co.,* 220 Ark. 565, 249 S. W. 2d 307; *Hare* v. *General Contract Purchase Corp.,* 220 Ark. 601, 249 S. W. 2d 973, and cases cited therein.