LYLES *v.* UNION PLANTERS NATIONAL BANK

5-3630                              393 S. W. 2d 867

Opinion delivered September 27, 1965.

*Ralph E. Wilson,* for appellant.

*Swift & Alexander,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a usury case. The appellee, Union Planters National Bank, filed action in replevin against appellant Lyles to repossess a motor vehicle purchased by Lyles on time payments. Lyles pleaded usury. The Trial Court held there was no usury because the law of Tennessee governed the trasaction; and from that holding Lyles brings this appeal.

The cause was submitted to the Trial Court on the original contract and a stipulation, from which we copy the germane portions:

"1. That on the 25th of May, 1964 Robert C. Lyles, who at that time resided at 933 Jackson Avenue, Memphis, Tennessee, purchased a motor vehicle . . . from McCaa Chevrolet Company at its place of business at West Memphis, Arkansas.

"2. That a conditional sales contract was executed on said date at West Memphis, Arkansas in favor of Union Planters National Bank of Memphis, Tennessee . . .

"3. That at the time said contract Robert C. Lyles was a resident citizen of Memphis, Tennessee, where he was employed . . . . and where he had been extended credit on several occasions by the plaintiff [appellee]; and that on or about October 16, 1964, the defendant Lyles moved to and resided in Osceola, Arkansas . . ."

It is agreed by all parties that the amount of the "finance charge" (*i.e.*, interest) exceeds 10%. It is also agreed that if the law of Tennessee governs the transaction there is no usury, but if the law of Arkansas governs the transaction there is usury under our cases, some of which are: *Hare* v. *General Contract,* 220 Ark. 601, 249 S. W. 2d 973; *Winston* v. *Personal Finance,* 220 Ark. 580, 249 S. W. 2d 315; *Strickler* v. *State Auto,* 220 Ark. 565, 249 S. W. 2d 307; and *Commercial Credit* v. *Kitchens,* 231 Ark. 104, 328 S. W. 2d 335. Futhermore, if there was usury in the original contract then the transfer of the contract to the appellee bank did not eliminate the purchaser's right to plead usury. *German Bank* v. *Deshon,* 41 Ark. 331; and *Hare* v. *General Contract,* 220 Ark. 601, 249 S. W. 2d 973.

Ordinarily in a case like this one, the *lex loci contractus* (*i.e.*, the law of the place of the making of the contract) governs unless: (1) there is an agreement between the parties that the law of another State shall govern; and (2) there is a reasonable and bona fide basis for the parties so agreeing. *Cooper* v. *Cherokee Village,* 236 Ark. 37, 364 S. W. 2d 158; and *Hutchingson* v. *Republic Finance Co.,* 236 Ark. 832, 370 S. W. 2d 185. These cited cases are our most recent holdings on the issue of

the law applicable to such transactions. In the Cooper case we held that the law of New York applied to the transaction because: (a) the contract was made in New York; (b) it was to be performed in New York; and (c) the parties expressly stated that the law of New York was to govern. In the Hutchingson case we held that the law of Iowa did *not* govern because: (a) the contract was made in Arkansas; (b) the work was done in Arkansas; and (c) the law of Iowa bore no reasonable relationship to the transaction, even though the payments were to be made in Iowa. In the Hutchingson case we said:

"To hold that the mere fact that the note was payable in Iowa made the agreement subject to Iowa law, when all other essential elements of the contract were entered into, and were to be performed in Arkansas, would be to henceforth furnish a loophole whereby an unscrupulous individual, or company, from a state which permitted liberal interest rates, could enter into contracts in this state, and simply by making the note payable in his, or its, own state, safely evade the usury laws of this jurisdiction. Arkansas has a strong public policy on this subject, as indicated by the fact that the penalty against a seller or lender exacting usury is indeed heavy, and this court, particularly for the last 10 years, has been zealous in guarding against any attempt to evade our constitutional provisions relative to usury."

After a careful study we conclude that the law of Arkansas governs the transaction involved in this case. The contract was made in Arkansas and provided: "The time balance is payable at the seller's office designated below or at such office of any assignee as may be hereafter designated." The "seller's office" was designated in the contract as West Memphis, Arkansas; and no other place of payment was ever designated. By endorsement the contract was assigned to the appellee bank; but the fact remains that the contract was made in Arkansas, and there is no language in the contract that even suggests that the law of Tennessee was intended to govern the transaction. Therefore, the case at bar falls within the rule of the Hutchingson case.

Appellee claims that the provisions of the Uniform Commercial Code require that the law of Tennessee govern the transaction here involved; but we do not agree with such claim. Ark. Stat. Ann. § 85-1-105 (Addendum 1961) is a part of the Uniform Commercial Code; and the germane portion reads:

"Territorial application of Act-Parties' power to choose applicable law.—(1) Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties. Failing such agreement this Act applies to transactions bearing an appropriate relation to this state.

In the case at bar, even if it could be said that the transaction "bears a reasonable relation" to Tennessee, nevertheless the parties did not *agree* that the law of Tennessee would govern. Futhermore, Ark. Stat. Ann. § 85-9-201 (Addendum 1961) is also a part of the Uniform Commercial Code; and the germane portion reads:

". . . Nothing in this Article [chapter] validates any charge or practice illegal under any statute or regulation thereunder governing usury, small loans, retail instalment sales, or the like, or extends the application of any such statute or regulation to any transaction not otherwise subject thereto."

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this Opinion.