**R. A. BROOKS, Appellant,**

v.

**UNIVERSAL C. I. T. CREDIT CORPORATION and Phil Phelps Truck Center, Inc., Appellees.**

**No. 19948.**

United States Court of Appeals, Eighth Circuit.

Aug. 21, 1970.

the contract is void as usurious under Arkansas law and that it is valid and enforceable under Missouri law.

The issue is presented in an action brought by Brooks against Phelps and Universal C.I.T. Credit Corporation, the purchaser of the security agreement. Universal C.I.T. Credit Corporation by counterclaim sought enforcement of the security agreement. Jurisdiction, based on diversity of citizenship, and the requisite amount, is established.

The evidence upon appeal must of course be viewed in the light most favorable to the party prevailing in the trial court. We summarize the evidence in such light. Brooks operates an interstate trucking business based at Little Rock, Arkansas. He shops around when purchasing trucks, buying them where he can make the best deal. Brooks has previously purchased trucks from Phelps. Phelps is a truck dealer located at Poplar Bluff, Missouri, some 200 miles distant from Little Rock. Phelps had no franchise to sell trucks in Arkansas nor had it authority to do business in Arkansas. It had no salesmen in Arkansas and no representative was in Arkansas at any time in connection with the sale in controversy.

The truck sale here in controversy was initiated by Brooks by a phone call he made to Phelps. No truck of the type Brooks desired was immediately available. An agreement was ultimately reached by telephone communication for the sale of a truck to Brooks which was to be built to his specifications at an agreed price with an agreed credit for a trade-in. When such agreement was reached, Phelps ordered the truck from the manufacturer. Brooks subsequently arranged with Phelps to have one of his drivers pick up the truck at the Oregon factory and drive it to Phelps in Missouri for inspection and servicing. Such arrangement was made to expedite delivery. The driver brought the truck to Phelps at its place of business in Missouri. The necessary inspection and servicing were there made. Phelps then provided the driver with the certificate

———◆———

Pat Moran, Pope, Pratt, Shamburger, Buffalo & Ross, Little Rock, Ark., for appellant.

Philip S. Anderson, Little Rock, Ark., for appellees; James McHaney, Little Rock, Ark., on the brief.

Before JOHNSON, Senior Circuit Judge, and VAN OOSTERHOUT and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The issue presented by this appeal is whether a security agreement entered into between plaintiff Brooks as purchaser of a White Freightliner tractor-truck and the seller, defendant Phil Phelps Truck Center, Inc. (Phelps), is void as usurious. The resolution of this issue turns on whether Arkansas or Missouri law applies. It is stipulated that

of origin, the invoice and the security agreement.

The security agreement was signed by Phelps in Missouri and later by Brooks in Arkansas. The security agreement was filed as required by Arkansas law and certificate of title was issued to Brooks with the notation of the security agreement placed thereon. The security agreement was on an Arkansas form. The court found that this was of no significance as such form was used only to facilitate compliance with Arkansas registration and security filing requirements. Thereafter Brooks completed settlement of his truck purchase contract by delivering the vehicle he was trading in to Phelps in Missouri.

Only one payment was made under the security agreement. This payment was made in Missouri. Brooks testified that he left the financing arrangements up to Phelps. Universal C.I.T. Credit Corporation acquired the security interest from Phelps. There was no specific agreement between the parties with respect to what law should control.

This case was tried to the court (Judge Young). The court found the sale of the truck was made and completed in Missouri, that the truck was delivered outside the state of Arkansas, that the only payment on the security agreement on the truck was made in Missouri, that the validity of the security agreement is governed by the law of Missouri and that under Missouri law the contract is valid and enforceable.[1] The court entered judgment dismissing the complaint and awarding judgment to the Universal C.I.T. Credit Corporation

for the amount due on the security agreement. This appeal followed.

We hold that the court properly determined that Missouri law controls on the validity of the security agreement and that the security agreement is valid and enforceable. We affirm.

■ In diversity cases federal courts when deciding questions of conflict of laws must follow the rules prevailing in the state in which they sit. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Bridgeman v. Gateway Ford Truck Sales, E.D.Ark., 296 F.Supp. 233, 235. Thus the Arkansas conflict of law rules are to be applied in this case.

In Cooper v. Cherokee Village Development Co., 236 Ark. 37, 364 S.W.2d 158, 161, the Supreme Court of Arkansas states:

"In determining what law governs the validity of a multi-state contract four different bases have been used: The law of the state in which the contract was made; the law of the state in which the contract is to be performed in its most essential features; the law of the state which the parties intended to govern the contract, provided that state has a substantial connection with the contract; and, the law of the state which has the most significant contacts with the matter in dispute (also known as the 'center of gravity' or 'grouping of contracts' theory). See Leflar, Conflict of Laws, (1959) §§ 124, 125."

The court goes on to say that it has applied the first three of the tests on different occasions but that it has not

1. The court at the close of the evidence made the following statement:

"Well, gentlemen, the Arkansas laws of usury are, of course, very strict; and the courts have almost uniformly, as far as I know, failed to use the harsh penalties that they provide unless they are required to.

\* \* \* \* \*

"Here we don't have a poor man or a widow in contact with the lending institution. Mr. Brooks is a businessman, able to take care of himself. He

purchased this piece of equipment from a dealer in Missouri. He closed the deal in a long distance telephone conversation with that representative in Missouri. He took delivery of the new truck outside of Arkansas, and he personally delivered the trade-in truck to Missouri.

"I hold that unquestionably under these circumstances the contract should not be governed by the laws of Arkansas but would be governed by the laws of the State of Missouri."

found occasion to employ the fourth test, the most significant contacts test, and that it is unnecessary for it to do so in the case before it. The court in *Cooper* found upon the facts before it that New York law should be applied in determining whether a security contract on Arkansas land was usurious. The court further observes, "This court has consistently inclined toward applying the law of the state that will make the contract valid, rather than void." 364 S. W.2d 158, 162.

Judge Henley in *Bridgeman*, supra, discusses the Arkansas choice of law cases and the analysis of such cases by Dr. Leflar, a recognized authority on conflict of laws. He concludes that upon the basis of such authorities Texas law controlled on the validity and interpretation of the contract.

We hold that an affirmance is required upon the basis of the first two tests stated in *Cooper*, supra. Substantial evidence supports the finding that the contract for the purchase of the truck was made in Missouri. The security agreement was but a part of the overall contract for the purchase of the truck.[2] Brooks became obligated to purchase the truck when his order upon agreed terms was accepted. The acceptance was made in Missouri.

Missouri was also the state in which the contract was to be performed. Delivery of the truck and the title papers was made in Missouri. The only payment on the security agreement was made in Missouri.

The basis in our present case for applying the two tests just discussed in support of a determination that Arkansas law does not apply in determining

the validity of the contract is stronger than that found in *Bridgeman*, supra, to support a similar conclusion.[3]

Brooks has failed to demonstrate that the trial court's findings upon which its decision is based lack substantial evidentiary support and he has likewise failed to establish that the court in reaching its conclusion upon the basis of such facts has misconstrued or misapplied the controlling Arkansas law.

The judgment is affirmed.

---

2. In Huchingson v. Republic Finance Co., 236 Ark. 832, 370 S.W.2d 185, 187, the Arkansas court states:

"Of course, in reaching our conclusions, the contract and note must be considered together. If the only instrument involved were a promissory note, payable in Iowa, appellee's position might well be maintained. But when the note is only a part of the overall agreement,

we consider the situation vastly different."

3. If Arkansas adopts the significant contacts test as predicted by Judge Harris in Edwin F. Armstrong & Co. v. Ben Pearson, Inc., D.C., 294 F.Supp. 163, 168, the result would be no different. The most significant contacts are clearly with Missouri.