In the Matter of Billy WINN, Debtor.

EASTON STATE BANK, Claimant,

v.

Billy WINN, Debtor.

Bankruptcy No. LR 81–126.

United States Bankruptcy Court,
E. D. Arkansas, W. D.

March 10, 1982.

Daisy Olson, Little Rock, Ark., for debtor.

A. L. Tenney, pro se.

## ORDER GRANTING NEW TRIAL AND SETTING IT UPON THE DOCKET FOR MAY 1982 IN LITTLE ROCK, ARKANSAS

DENNIS J. STEWART, Bankruptcy Judge.

This matter came on for hearing on March 3, 1982, after notice, on an objection by the debtor to the claim of Easton State Bank of Easton, Kansas. It was the tenor of the objection that the claim of the claimant Easton State Bank should be disallowed in its entirety on the ground that it is usurious under the governing law of Arkansas. The debtor appeared personally and by counsel, Daisy Olson. The claimant Easton State Bank did not appear. The trustee, A. L. Tenney, appeared pro se.

In support of the debtor's objection to the claim, debtor's counsel contended orally that the promissory note upon which the claim is based is usurious on its face because it purports to exact interest at the rate of 16½% per annum, which is in excess of the 10% per annum which is permissible under the provisions of Article 19, Section 13 of the Constitution of Arkansas.

When a contract is usurious, furthermore, under the law of Arkansas, "(t)he penalty . . . is forfeiture of both principal and interest." *Superior Improvement Co. v. Mastic Corp.*, 604 S.W.2d 950, 955 (Ark. 1980), citing *Citizens Bank v. Murphy*, 83 Ark. 31, 102 S.W. 697. And when an instrument is usurious on its face, the holder of the instrument has the burden of proving it to be otherwise. *Bunn v. Weyerhaeuser*, 268 Ark. 445, 598 S.W.2d 54 (1980); *Knox v. Goodyear Stores*, 252 Ark. 530, 479 S.W.2d 875 (1972).

The face of the contract must, however, in order to shift the burden of proof to the claimant, plainly show that the contract is usurious. The debtor ordinarily has "the burden of showing clearly that (claimant) contracted for, extracted or received usurious interest." *Superior Improvement Co. v. Mastic Corp.*, 604 S.W.2d 950, 953 (Ark. 1980). In this regard, "(i)t is clearly the law that in determining the issue of usury, all attendant circumstances germane to the transaction should be considered," *Textron, Inc. v. Whitener*, 249 Ark. 57, 458 S.W.2d 367, 368 (1970), and "(e)very effort should be made to interpret a contract favorably to its enforcement to prevent a forfeiture." *Superior Improvement Co. v. Mastic Corp.*, supra, at 955. Accordingly, the Arkansas courts have "consistently inclined toward applying the law of the state that will make the contract valid, rather than void." *Huchingson v. Republic Finance Company*, 236 Ark. 832, 370 S.W.2d 185, 186 (1963). In the hearing of March 3, 1982, counsel for the debtor maintained that the face of the contract shows that the place of its making was Arkansas; that it also shows on its face the exaction of a 16½% annual interest rate; and that, therefore, under the foregoing authorities, it must be stricken entirely and principal and interest both forfeited.

■ The face of the contract in this case, however, purports to show that the place of the claimant's execution and acceptance of it was in Kansas [1]; that payments were to be made on the note to the claimant in the State of Kansas; and that the parties expressly agreed in the following language that the law of Kansas governed the contract: "This loan is subject to the provisions of section 1 through 131 of the Kansas Uniform Consumer Credit Code applying to consumer loans." Under such conditions the courts applying the Arkansas conflicts law have applied the law of the other state to determine whether the contract is usurious. When "it is undisputed that the note was delivered to (the promisee in the other state) after having been executed in Arkansas, and the note is payable in (the other state)," the law of that state controls. *Pellerin Laundry Machinery Sales Co. v. Hogue*, 219 F.Supp. 629, 640 (W.D.Ark. 1963). "The place of making a bill or note is that at which the instrument is first delivered to a taker for value ... The courts tend to apply the law of whatever state, substantially connected with the transaction, which will sustain the contract, unless the contract somehow violates the forum's strong public policy." Leflar, The Law of Conflict of Laws, 1959, Sec. 133. In *In re Wakefield*, 460 F.Supp. 1224, 1225 (E.D.Ark.1978), the district court held that usury violated a strong public policy of the State of Arkansas, but, where the parties had agreed to the application of foreign law which would uphold the contract, the foreign law must govern. "Had the parties expressly contracted for Tennessee law, their agreement probably would have been upheld." 460 F.Supp. at 1226. And, in this case, unlike the *Wakefield* case, *supra*, it is not made to appear that any agent of the claimant came into Arkansas to solicit the signing of the note.

■ Thus, it may be the case that, by clear provision of the agreement itself, the law of Kansas is applicable. And, under the law of Kansas, the note would not appear to be usurious.[2]

Based on the foregoing, it would appear that an order denying the objection to the claim might be appropriate. But, at the conclusion of the hearing of March 3, 1982, the court took the matter under advisement with a statement that it would determine how much, if any, of the claim should be deleted as being usurious. This was done after counsel for the debtor had been requested to state her contention that the law of Arkansas governed and that, under the rule of *Superior Improvement Co. v. Mastic Corp., supra*, forfeiture of both principal and interest was to result for interest exceeding an annual rate of 10%. The court then intended to take the matter under advisement in order to make a written determination of the matter. The court is informed, however, that the oral statements then made by it actually amounted to an order finally ruling upon and sustaining the objection.

Under such circumstances, when, if the court rendered a final order and possibly did so on the basis of faulty and erroneous legal grounds, it is appropriate to grant a new trial on the court's own initiative exercised within 10 days after the entry of the judgment. "Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party." Rule 59(d), F.R.Civ.P., made applicable in bankruptcy cases by Rule 923 of the Rules of Bankruptcy Procedure. Legal error is a sufficient basis for the granting of a new trial. Accordingly, it is hereby

ORDERED that, for judicial error, a new trial be, and it is hereby, granted to be set

1. The note in question purports to have been signed in Jacksonville, Arkansas, by the debtors. But it was executed in Kansas by the claimant. According to the principles stated in the text hereof, it appears that the execution in Kansas would constitute the "place of making" for contracts purposes. And, even if not, it appears that the parties agreed that Kansas law would apply.

2. See section 16a–2–201 K.S.A., under which it appears the interest charged would not be usurious.

by the clerk of this court for the first week of May 1982 and notice thereof transmitted to the respective parties.